IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAMELA HERRINGTON, both individually and behalf of all other similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>        Defendant. | Case No.: 3:11-cv-00779-BBC |

PROPOSED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER

The following Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure.

1. Loan officers brought a nationwide wage and hour case against Waterstone Mortgage Corporation ("Waterstone") to remedy their alleged unpaid minimum wages and overtime premium pay. Plaintiffs brought their claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., and the common law of contract and quasi-contract. Under the FLSA, Plaintiffs will seek the Court's permission to mail notice of the case so that other loan officers can opt-in to the case. Plaintiffs also brought opt-out Rule 23 class action claims under the common law of contract and quasi-contract.

2. There are no related cases.

3. The Parties stipulate that initial disclosures will be exchanged within 30 days of an Order entered with respect to Plaintiffs' proposed motion for conditional certification under the FLSA (see Paragraph 5).

4. Plaintiff proposes that this Discovery Plan and Scheduling Order shall take effect immediately. Defendant proposes that this Proposed Discovery Plan and Scheduling Order shall not take effect unless and until the Court denies Waterstone's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration (ECF No. 13).

5. If the Court denies Waterstone's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration (ECF No. 13), Plaintiffs will file a motion for conditional certification under the FLSA no later than 60 days after the Court's order.

6. Joinder of additional parties must be accomplished within 120 days from a) the close of any

      opt-in or opt-out period or b) denial of an order for Rule 23 class certification or conditional certification under the FLSA, whichever is later.

7. Amended pleadings may be filed until 90 days from a) the close of any opt-in or opt-out period or b) denial of an order for Rule 23 class certification or conditional certification under the FLSA, whichever is later.

8. Initial interrogatories are to be served by all counsel no later than 30 days after the Court's decision on Plaintiffs' motion for conditional certification under the FLSA.

9. First request for production of documents, if any, to be served no later than 30 days after the Court's decision on Plaintiffs' motion for conditional certification under the FLSA.

10. Depositions to be completed by 120 days from a) the close of any opt-in or opt-out period or b) denial of an order for Rule 23 class certification or conditional certification under the FLSA, whichever is later.

11. Requests to Admit, if any, to be served no later than 140 days from a) the close of any opt-in or opt-out period or b) denial of an order for Rule 23 class certification or conditional certification under the FLSA, whichever is later.

12. All discovery is to be completed by 180 days from a) the close of any opt-in or opt-out period or b) denial of an order for Rule 23 class certification or conditional certification under the FLSA, whichever is later.

13. The Parties are not aware of any amendments to the pleadings that any party intends to make at this time.

14. Other than other loan officers that may file their consent to sue in this case under the FLSA, the Parties are not aware of any parties that should be added.

15. Dispositive motions shall be filed 210 days from a) the close of any opt-in or opt-out period or b) denial of an order for Rule 23 class certification or conditional certification under the FLSA, whichever is later.

16. Statement of the material factual and legal issues to be resolved at trial:
    a. Whether Waterstone paid Plaintiffs the minimum wage for each hour it knew or should have known that they worked, in violation of the FLSA. 29 U.S.C. § 216(b).
    b. Whether Plaintiffs worked more than 40 hours in a week.
    c. Whether Waterstone failed to pay Plaintiffs for their overtime hours at the rate of time and one-half in violation of the FLSA. 29 U.S.C. § 216(b).
    d. Whether Plaintiffs are entitled to the FLSA mandatory liquidated damages under 29 U.S.C. § 216(b).
    e. whether Defendant pressured Plaintiffs not to correctly report their hours, or refused to permit them to correctly report their hours;
    f. whether Defendant failed to keep true and accurate time records for all hours worked by

   the Plaintiff and the Class;
 g. whether Waterstone'sallegedpolicy of failing to pay overtime was instituted willfully or with reckless disregard of the law;
 h. whether Waterstonefailed to pay all the commission earnings to which it had agreed in its employment agreement with Plaintiffs;
 i. whether Waterstonewrongfully failed to reimburse loan officers for alleged employer expenses; and
 j. whether Plaintiffs are subject to an exemption from coverage under the FLSA.  29 U.S.C. § 213.

17. The Parties estimate that trial will last 7 days.

18. Any other matter affecting the just, speedy, and inexpensive disposition of this case, or which the court should take into account in setting the schedule:

 a. Plaintiffs believe that a just, speedy, and inexpensive disposition of this case will occur by the denial of Waterstone's motion to dismiss or stay the case (Doc. 13). Plaintiffs believe that the arbitration clause is unenforceable because the Plaintiff cannot afford arbitration and also because the class and collective action waiver included in the clause is unlawful under the NLRA. *D.R. Horton, Inc.*, Case 12-CA-25764, 2011 WL 11194 (N.L.R.B. Div. of Judges), and because it violates the FLSA's remedial enforcement plan crafted by Congress. Refusing to enforce the unlawful and exculpatory arbitration clausewill allow the Parties to efficiently litigate this matter on a class and collective basis in federal court. Plaintiffs also believe that the Parties should employ a mediator to try to resolve the case shortly after the Court decides Plaintiffs' motion to conditionally certify a collective action under the FLSA.
 b. Waterstone believes that a just, speedy, and inexpensive disposition of this case will occur by grantingWaterstone's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration (ECF No. 13).  Requiring arbitration, as agreed to in the applicable Employment Agreements, will allow the parties to resolve these claims without the costs associated with federal court litigation andwill not tax this Court's resources.For the reasons set forth in its Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration (ECF No. 13), the Memorandum of Law in support thereof (ECF No. 14), and in the forthcoming Reply to Plaintiffs' Opposition to Waterstone's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration, Waterstone believes that the arbitration clause contained in the Employment Agreement is applicable and enforceable.  In addition, Waterstone believes that the adjudication of the arbitration issue is a necessary prerequisite before discovery and other litigation of this matter may begin.  Also, Waterstone will not agree to participate in any discovery or other litigation of this matter until this Court has resolved the issue of arbitration.
 c. The parties will take measures, consistent with applicable law, to preserve relevant documents, including but not limited to computer data on laptops, servers, work stations, peripheral devices and home computers, to the extent such data exists. Such data includes instant messages and emails, to the extent such data exists. The parties will take steps to preserve data on any computers that will be discarded or erased

       during the pendency of this action.
- d. The parties shall exchange all documents pursuant to the Federal Rules of Civil Procedure and, where practical, as reasonably demanded prior to the conduct of depositions.
- e. All documents provided by any party as a response to demands shall be provided in such a manner as to reduce costs for copying, shipping, and storage.
- f. Where practical, the parties agree that the production of documents shall be made by DVD or CD, and not in hard copy form.

19. The Parties have not reached an agreement with respect to how to proceed in regards to bates numbers, formats for production of electronically stored information, confidential document production, and inadvertent disclosures.
    - a. Defendants propose that should Waterstone's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration (ECF No. 13) be denied, the parties should confer no later than 15 days after the Court's decision on Plaintiffs' motion for conditional certification under the FLSA in order to discuss the guidelines and procedures to be followed in discovery.  The parties should then consider such matters as bates numbers, formats for production of electronically stored information, confidential document production, and inadvertent disclosures.  Waterstone believes that prudence with respect to developing details of such a discovery plan is warranted in light of the fact that this matter may not proceed to discovery, more appropriate discovery rules could be established after initial disclosures are obtained, and, at this stage of the litigation, it is unreasonable to establish specific discovery rules for this case that could apply to unforeseen issues.
    - b. Plaintiffs propose that bates numbers shall be affixed to hard copies. Hard copies of documents that only exist in paper form, shall be provided electronically in pdf format. Electronically stored information shall be produced in a digital format (not pdf or imaging) allowing search and manipulation by usual and customary software. If the information cannot be accessed by off the shelf software, the producing party shall request of counsel whether the information is to be provided in hard copy or some other format.
    - c. Plaintiffs propose that any material that a party provides marked as "confidential" pursuant to a confidentiality stipulation or order, shall be provided in a separate file or separate DVD or CD with a running log of all of that party's confidential production.
    - d. Plaintiffs propose that documents not in a party's physical possession must nevertheless be provided if they are in the custody of agents or contractors from whom such documents may easily be obtained.
    - e. Plaintiffs propose that any inadvertent disclosure of any document may be remedied by demand of the document back, whereupon the document shall be returned as set forth below. Inadvertent disclosures shall not be considered to waive any privileges that may apply to such a document. Upon such a demand for return, inadvertent disclosure shall be returned and there shall be no retention of any copies, no use of the document and no admissibility of any such document. If a party disputes that the disclosure was inadvertent or believes that the document should be disclosed, the party receiving the discovery shall promptly move the Court for permission to keep and use the document. Absent such a motion, the document is deemed inadvertently

      disclosed and shall not play any part in the litigation.

20. Plaintiffs have requested that Defendant not subpoena any current or former employer of a plaintiff or individual who has filed a consent to sue without one week's advance notice to plaintiff to allow plaintiff to move for any necessary protective orders. Waterstone does not consent to this request.  Waterstone will consider this request should this litigation reach the discovery stage.  This matter will be revisited during the conference of counsel referenced in the preceding paragraph, if applicable.

SO ORDERED.

Dated:

                                                                          _____
STEPHEN L. CROCKER
Magistrate Judge