IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **PAMELA HERRINGTON, both individually and behalf of all other similarly situated persons,**<br><br>         **Plaintiffs,**<br><br>**v.**<br><br>**WATERSTONE MORTGAGE CORPORATION,**<br><br>         **Defendant.** | Case No.: 3:11-cv-00779-bbc |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR REVIEW OF ARBITRATOR'S PARTIAL FINAL AWARD ON CLAUSE CONSTRUCTION[1]

  Defendant, Waterstone Mortgage Corporation (hereinafter "Waterstone"), chose the arbitration rules that would apply to Herrington's claims and compelled the claims to arbitration knowing full well that the claims would proceed on a class basis. Now, disappointed with the outcome of the process, Waterstone wants to void the arbitrator's decision. To do so, Waterstone must show that the arbitrator deliberately disregarded what he knew to be the law in order to reach the particular result. Waterstone cannot meet that standard.

  Judge Pratt, the arbitrator in this matter, followed this Court's decision finding that the Arbitration Agreement's Severability Clause established the parties' intention to arbitrate class claims even if the class action waiver in the Agreement was unenforceable. Waterstone ratified its intention that the class claims be arbitrated first by moving this Court to compel the class claims to arbitration and then by acknowledging to the arbitrator that the class claims should proceed in arbitration. In addition to relying on this Court's ruling, Judge Pratt provided

---

[1] Plaintiffs do not oppose Defendants' Motion to Reopen the case for "the sole purpose of resolving Defendant Waterstone Mortgage Corporation's Application for Review of Arbitrator's Partial Final Award on Clause Construction." However, Plaintiffs oppose reopening the case for any reason as the time for review of any previous orders has run. Fed. R. Civ. P. 60; Fed. R. App. P. 4.

1

additional bases for finding the parties intended class claims to be arbitrated. It is irrelevant whether Judge Pratt applied the law correctly, though he clearly did. Given that Judge Pratt found the parties intended class claims to be arbitrated, Waterstone cannot void the decision.

Waterstone's real complaint is that the arbitrator followed the AAA procedural rules to allow claims to proceed as an opt-out as opposed to opt-in class. The complaint is baseless as arbitrators regularly apply the AAA's procedural rules to FLSA claims, and courts regularly find the application permissible.

## I. FACTS

### A. Background

In November 2011, Plaintiff (hereinafter "Herrington") commenced a class and collective action in the Western District in Wisconsin against Waterstone alleging violations of the Fair Labor Standards Act (FLSA), state laws, and contract law. Waterstone moved to dismiss or stay the case on the ground that Herrington's claims were subject to an arbitration agreement requiring loan officers to waive their right to collectively pursue employment related claims. Herrington opposed the motion to send the case to individual arbitration. In its Supplemental Brief to Compel Arbitration, Waterstone explicitly requested "that a collective action proceed in arbitration rather than federal court in the event the court invalidates the collective action waiver." *Herrington v. Waterstone Mortg. Corp.*, No. 11–cv–779–BBC, 2012 WL 1242318, *7 (W.D.Wis.).

On March 16, 2012, this Court struck the class and collective waiver and sent the case to arbitration under the AAA's Supplementary Rules for Class Arbitration where "she must be allowed to join other employees to her case." *Id.* at *8.

In arbitration, Waterstone argued that it had not agreed to collective or class relief and that the Court did not require that the arbitration be allowed to proceed on a class basis. On July 11, 2012, the AAA arbitrator, Judge Pratt,[2] granted a clause construction award concluding that the arbitration agreement permitted arbitration to proceed under the AAA's class rules. Arb. Award, dkt.# 60-1.

### B. The District Court's Decision

Waterstone's Arbitration Agreement provides that any unenforceable terms in the agreement are to be severed and the arbitration is to proceed under the AAA Employment Rules. The agreement provides:

> [A]ny dispute between the parties concerning the wages, hours, working conditions, terms, rights, responsibilities or obligations between them or arising out of their employment relationship shall be resolved through binding arbitration in accordance with the rules of the American Arbitration Association applicable to employment claims. Such arbitration may not be joined with or join or include any claims by any persons not party to this Agreement.
>
> …
>
> The Parties agree that to the extent that any provision or portion of this Agreement shall be held, found or deemed to be unreasonable, unlawful or unenforceable by a court of competent jurisdiction, then any such provision or portion thereof shall be deemed to be modified or redacted to the extent necessary in order that any such provision or portion thereof shall be legally enforceable to the fullest extent permitted by applicable law, and will not affect any other portion, or provision of this Agreement, and the Parties hereto do further agree that any court of competent jurisdiction shall, and the parties do hereby hereto expressly authorize, request and empower any court of competent jurisdiction to enforce this Agreement and any such provision or portion thereof to the fullest extent permitted by applicable law.

Empl. Agr., dkt.# 14–1, at ¶ 13-15.

---

[2] Judge Pratt served as a United States District Judge for Eastern District of New York from 1976 to 1982 and has been an arbitrator for over fourteen years in approximately 150 domestic and international matters involving commercial, contract, insurance, reinsurance, commercial satellites, computer software, product liability, employment, health industry, accounting, construction, liability allocation, and securities issues. See Judge Pratt's biography attached as Exhibit A.

In granting Waterstone's motion to compel arbitration, this Court found the collective action waiver to be illegal and, in accordance with the severability clause, severed the collective action waiver from the agreement. *Herrington,* 2012 WL 1242318, *6-7. Your Honor found that because both Parties agreed that any unenforceable terms of the agreement should be severed and the arbitration should proceed under the AAA rules, the Parties' intent was that the arbitration proceed with Herrington able to bring collective claims. The decision noted that Waterstone "request[ed] explicitly that a collective action proceed in arbitration rather than federal court in the event the court invalidates the collective action waiver." *Id*. at *7. The invalidity of the collective action waiver does not affect the agreement with respect to the AAA rules applying to this case. Waterstone, as the drafter of the employment agreement, explicitly included and bargained for the AAA rules. Waterstone did not specify any particular rule, instead broadly adopted the AAA rules as a whole.

    **C.**  **The Arbitration Award**

After providing the parties with a full opportunity to brief the issue of whether Herrington's claims should proceed on a class basis, Judge Pratt found that the Arbitration Agreement established the parties' intent that Herrington's claims would proceed on a class basis. In addition to following the Court's order severing Waterstone's class waiver and sending Herrington's class claims to arbitration, Judge Pratt gave two additional grounds for allowing class arbitration: ambiguity in Waterstone's drafting of the Agreement, and the illegality of Waterstone's alleged class waiver.   Arb. Award, dkt. # 60-1, at 9-10. He noted in his award that at the initial arbitration hearing, he understood Waterstone to have taken the position that Herrington's claims should proceed on a class basis, albeit as an opt-in class.  Judge Pratt also directly addressed Waterstone's argument that Supreme Court precedent prohibited a finding that the parties intended the agreement to allow class arbitration.  He specifically addressed

4

Waterstone's application of *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* 130 S.Ct. 1758, 1768 (2010), finding that the Respondent had misconstrued the Court's holding. Arb. Award, dkt. # 60-1, at 6-7.

## II. ARGUMENT

The standard of review of arbitration awards is very narrow. *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704 28 F.3d 704, 706 (7th Cir. 1994) ("Judicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all.") The Federal Arbitration Act provides the following statutory grounds for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Seventh Circuit has held that an arbitration award may be set aside, on other than statutory grounds, based on arbitrators' "manifest disregard of the law" if arbitrators direct parties to violate the law. *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 268-69 (7th Cir. 2006). The standard does not allow parties to vacate an arbitration award because the arbitrator applied the law incorrectly: "Federal courts will not vacate an arbitration award merely because the arbitrator misinterpreted applicable law." *National Wrecking Co. v. International Broth. of Teamsters, Local 731,* 990 F.2d 957, 961 (7th Cir. 1993) (Citing: *National R.R. Passenger Corp. v. Chesapeake and Ohio Ry. Co.*, 551 F.2d 136, 143 (7th Cir.1977); *Northrop Corp. v. Triad Int'l Marketing S.A.,* 811 F.2d 1265, 1268-69 (9th Cir.1987))*; see also, Waddle v. LT Lawrence and*

*Co., Inc.*, 1998 WL 901687, *3 (N.D.Ill.,1 December 17, 1998) ("Thus, that the arbitrator may have come to the wrong decision is not a ground for setting aside an award.")

The Seventh Circuit's standard for "manifest disregard of the law" requires a showing that the arbitrator deliberately disregarded what he knew to be the law in order to reach the particular result. *See, National Educ. Corp. v. Martin,* 1995 WL 622267, *5 (N.D.Ill., October 20, 1995) ("[A]rgument amounts to little more than an assertion that the arbitrator failed to understand and/or apply the law of contracts correctly. Such a failure on the part of the arbitrator would not, and does not, permit this Court to vacate the arbitration award."); *see also, National Wrecking Co. v. International Broth. of Teamsters, Local 731* 990 F.2d 957, 961-62 (7th Cir. 1993.) ("The arbitrator's award may be erroneous, but, even if it is, it does not evidence a manifest disregard for the DOT regulations. National has failed to show that the arbitrator deliberately disregarded what he knew to be the law.")

Waterstone does not argue any statutory grounds for vacating the arbitration agreement. Instead, Waterstone contends that Judge Pratt's decision actually "manifestly disregarded" the law. The standard of review requires a showing that Judge Pratt deliberately disregarded what he knew to be the law in order to grant the class arbitration clause construction award. *National Educ. Corp.,* 1995 WL 622267, at *5.

A. **Judge Pratt Did Not Manifestly Disregard the Law**

Waterstone fails to show that Judge Pratt deliberately disregarded what he knew to be the law. Contrary to Waterstone's contentions, Judge Pratt's award does not direct parties to "violate the law" but instead follows this Court's order invalidating the class/collective waiver. Judge Pratt correctly held:

> [T]he District Court has concluded that because the waiver clause is contrary to federal law, it must be severed from the rest of the Agreement. The Court has also directed that in this arbitration Herrington "must be allowed to join other

6

> employees to her case." Since I am bound to follow the court's order… I must read the agreement as if there were no waiver clause. Waterstone's argument that as a matter of evidence of intent the waiver clause must be weighed despite the District Court's ruling, is rejected. It would simply be letting in the back door what the District Court has barred from entry through the front door.

Arb. Award, dkt. # 60-1, at 8-9.

Waterstone is clearly disappointed by the arbitrator's decision and now contends that Judge Pratt "manifestly disregarded the law" because he was not persuaded by its argument applying the Supreme Court's decision in *Stolt-Nielsen v. AnimalFeeds Internationals Corp.* 130 S.Ct. 1758 (2010). The parties fully briefed the impact of the *Stolt-Nielsen* precedent and Judge Pratt concluded in his analysis:

> In [*Stolt-Nielsen*]… the majority opinion pointed out differences between a bilateral arbitration and a class-action arbitration and indicated the need for a "contractual basis" for proceeding on a class basis… Waterstone exaggerates when it asserts that there can be no class arbitration unless the parties have "expressly" agreed to it. All that *Stoldt* [*sic*] requires… is that there be a "contractual basis" for finding that the parties agreed to the class method.

Arb. Award, dkt. # 60-1, at 6-7. (Citing: *Stolt-Nielsen,* 130 S.Ct. 1758 (2010).)

Judge Pratt clearly considered Waterstone's argument and the merits of his decision are not a ground for setting aside the clause construction award as a manifest disregard of the law. *Waddle,* 1998 WL 901687, at *3. The standard for overturning the arbitration award on manifest disregard grounds is so limited that the award is to be upheld even if the arbitrator misinterprets the law or arrives at an erroneous decision. *See, National Wrecking Co.,* 990 F.2d at 961. In this case, *Stolt-Nielsen* requires that there be a "contractual basis" of the parties' intent to arbitrate these claims collectively. Both this Court and Judge Pratt found that Waterstone's intention, expressed in the employment agreement, was that claims would be subject to arbitration under the AAA's rules and if any part of the agreement was found illegal, it should be severed and the arbitration should proceed without it. Following this Court's order severing the waiver clause,

7

Judge Pratt correctly applied the *Stolt-Nielsen* precedent and found that the employment agreement created a contractual basis for the collective claims to proceed in arbitration. Judge Pratt was bound to follow this Court's order severing the waiver clause and allowing Herrington to bring her claims collectively. Waterstone is clearly mistaken in its contention that Judge Pratt manifestly disregarded the law.

### B. Judge Pratt Had a Contractual Basis for Allowing Class Claims to Proceed in Arbitration

Judge Pratt found that the parties intended Herrington to be able to bring claims collectively, just as this Court did when it sent the claims to arbitration. There is ample support for Judge Pratt's finding.

#### 1. Judge Pratt Found that the Parties Intended that the Arbitration Agreement Be Enforced even if Unenforceable Clauses Were Severed

Following this Court's decision, Judge Pratt found that the parties intended that the arbitration agreement be enforced even if unenforceable clauses such as the collective action waiver were severed. Waterstone's Arbitration Agreement supports the finding as it provides "to the extent that any provision or portion of the Agreement shall be held found or deemed to be unreasonable, unlawful or unenforceable by a court of competent jurisdiction, … that it will not affect any other portion, or provision of this Agreement…" Empl. Agr., dkt.# 14–1, at ¶ Your Honor found that agreement's collective action waiver unenforceable, severed it from the agreement, and ordered the arbitration to proceed consistent with the intent expressed in the arbitration agreement, *i.e.*, with Herrington able to bring collective claims. *Herrington*, 2012 WL 1242318, at *8. Waterstone ratified its intent to arbitrate on a class basis by explicitly asking this Court to send the class claims to arbitration. *Id.*, at *7. Waterstone ratified its intent again before Judge Pratt at the initial arbitration hearing by arguing that the class should proceed

8

as an opt-in class. Arb. Award, dkt. # 60-1, at 3. Accordingly, Judge Pratt found that the parties intended the arbitration agreement to provide for class treatment of the collective claims.

### 2. *Judge Pratt Found that Ambiguity in Waterstone's Arbitration Agreement Supports a Finding that the Parties Intended Class Arbitration of Herrington's Claims*

Judge Pratt also applied a fundamental rule of contract construction—that ambiguity be construed against the drafted—to find the parties intended to allow class arbitrations. *See Dan Samp Agency, Inc. v. American Family Mut. Ins. Co.* 2007 WL 2442342, *3 (Wis.App.,2007) (while a contract is to be construed according to its plain language, where the terms are ambiguous the ambiguous language is construed against the drafter); *citing Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis.2d 493, ¶ 21, 577 N.W.2d 617 (1998); *Dieter v. Chrysler Corp.*, 2000 WL 45, ¶ 15, 234 Wis.2d 670, 610 N.W.2d 832; *Converting/Biophile Labs., Inc. v. Ludlow Composities Corp.*, 2006 WI App 187, ¶ 23, 296 Wis.2d 273, 722 N.W.2d 633. After acknowledging Herrington's argument that the class waiver language actually permits joinder of similarly situated persons, Judge Pratt found that

> by providing in its Agreement for arbitration "in accordance with the rules of the American Arbitration Association", which includes the Supplementary Rules of Class Arbitrations, and at the same time including in the same paragraph the waiver clause, Waterstone at the very least created an ambiguity, which must be construed against the party who drafted the Agreement—Waterstone."

Arb. Award, dkt. # 60-1, at 3. Accordingly, Judge Pratt articulated a legal basis for finding that the Parties intended Herrington's claims to proceed on a class basis, i.e., the clause waiver itself is ambiguous and can be construed to allow Herrington's class claims. Whether Judge Pratt correctly applied the law is irrelevant to the question of whether he manifestly disregarded the law. *National Wrecking Co.,* 990 F.2d at 961.

### 3. *Judge Pratt Found that Waterstone Is Unable to Profit from Its Illegal Waiver*

Courts cannot enforce contract terms if such terms are illegal or against public policy. *See, Blossom Farm Products Co. v. Kasson Cheese Co.,* 133 Wis. 2d 386, 390; 395 N.W.2d 619, 621 (Wisc. Ct. App. 1986). (Citing: Restatement (Second) of contracts § 178 (1981).); *see also, Pepperkorn Bros., Inc. v. National Income Realty Trust,* 205 Wis.2d 736, 557 N.W.2d 256 (Table) (Wis. Ct. App. 1996.); *Shea v. Grafe*, 88 Wis.2d 538,544, 274 N.W.2d 670, 673, (Wis. 1979); *Associate Wis. Contractors v. Lathers*, 235 Wis. 14, 17, 291 N.W. 770, 771 (Wis. 1940). This Court acknowledged that fundamental rule in severing Waterstone's class action waiver from the Arbitration Agreement. *Herrington*, 2012 WL 1242318, at *4 ( "a court may not enforce a contract provision which violates federal law.") Judge Pratt applied that axiom of contract law to hold that "Waterstone should not be able to benefit from its ac of incorporating that illegal waiver into a form agreement that it required … all of its mortgage loan officers to sign." Regardless of whether Judge Pratt correctly applied the law, Waterstone cannot show that he manifestly disregarded it. *National Wrecking Co.,* 990 F.2d at 961.

### C. An Opt-Out Class Is Appropriate

Waterstone's real complaint is that Judge Pratt found that the AAA rules require the claims to be brought as an opt-out action.[3] Waterstone has repeatedly expressed its understanding that this arbitration should proceed on a collective basis, first to this Court and then to Judge Pratt. Now that Judge Pratt has applied the rules to allow an opt-out class, Waterstone claims that the rules it chose should not apply.

As an initial matter, a party cannot change the terms of an arbitration agreement just because it does not like the arbitrator's decision. If that were the case, "the lower costs, greater efficiency and speed" that is the policy behind the Federal Arbitration Act would be lost. *Stolt-*

---

[3] Herrington pled class contract claims as well as the wage-and-hour claims. Waterstone offers no reason for restricting class treatment of the contract claims.

*Nielsen S.A. v. AnimalFeeds International Corp.*, 130 S.Ct. 1758, 1775 (2010). As the Seventh Circuit explained:

> By including an arbitration clause in their employment agreement the parties agreed to submit disputes arising out of the contract to a nonjudicial forum, and we do not allow the disappointed party to bring his dispute into court by the back door, arguing that he is entitled to appellate review of the arbitrators' decision.

*Baravati,* 28 F.3d at 706, *citing United Paperworkers International Union v. Misco, Inc*., 484 U.S. 29, 36, 108 S.Ct. 364, 369, 98 L.Ed.2d 286 (1987); *Chicago Typographical Union v. Chicago Sun-Times, Inc.*, 935 F.2d 1501, 1504-06 (7th Cir.1991); *Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe Ry*., 768 F.2d 914, 921 (7th Cir.1985). Waterstone drafted the arbitration agreement in this matter providing for application of the AAA rules. It should not be allowed to avoid those rules now because it suffered an adverse decision.

The AAA Supplementary Rules for Class Arbitration allow claims to be brought as class actions. Arbitrators regularly apply these rules to FLSA collective action claims, just as Judge Pratt did. *See, e.g.*, *Bryant, et al. v. Joel Antunes, LLC*, *et al.*, AAA No. 11 160 01783 05, p. 6 (April 4, 2007); *Passow v. The Smith & Wollensky Restaurant Group, Inc.* AAA No. 11 160 00357 08, p. 8 (July 2, 2008), copies attached as Exhibit B; and Exhibit C. As the arbitrator explained in *Johnson v. Morton's Restaurant Group*:

> Other arbitrators confronting the same issue in other cases have noted that when employers have pressed their right to arbitrate in order to block claimants' attempts to litigate in federal court (resulting in protracted delays, dramatically reducing the number of eligible class members), they necessarily agreed to arbitrate under the AAA's Supplementary Rules which prescribe an opt-out procedure.

AAA No. 11 160 01513 05, p. 19 fn 28 (June 27, 2007), copy attached as Exhibit D.

Courts uphold the application of the AAA's class rules to a FLSA claims. *See*, *Long John Silver's Restaurants, Inc. v. Cole*, 514 F.3d 345, 349 (4th Cir. 2008); *see also*, *Bryant, et al.*

*v. Joel Antunes, LLC*, et al., 1:04-cv-02550-CC Doc. 31, p. 4 (N.D.Ga. July 22, 2008) ("Having carefully reviewed the applicable law, the Court concludes that the Arbitrator's decision to allow the arbitration to proceed as an opt-out class action did not manifestly disregard the law.") copy attached as Exhibit E. In *Morton's Restaurant Group, Inc.* the arbitrator applied the AAA's rules for an opt out class over defendants' argument that only an "opt-in" mechanism was permissible. The court denied Morton's motion to vacate the arbitration award " because the arbitrator's decision did not exceed the scope of her authority or demonstrate a manifest disregard for the law." *Morton's Restaurant Group, Inc., et al. v. Johnson, et al.*, No. 07-11808-MLW, p. 1 (D.Ma. Nov. 25, 2008), copy of decision attached as Exhibit F. In *Long John Silver*, the Fourth Circuit explained that in a court's limited review of arbitral awards, applying the AAA's opt-out rules to FLSA claims is not a manifest disregard of the law:

> The district court deemed LJS's argument on this point unpersuasive, observing that the arbitrator's decision in the Class Award to certify an "opt-out" class was simply a matter of contract interpretation, and thus well within his authority. The central question, as framed by the arbitrator and the court, was whether the arbitration agreement that incorporated the AAA Class Rules authorized the use of an "opt-out" procedure. With regard to the proposition that the arbitration agreement unambiguously required the arbitrator to adhere to the FLSA § 16(b) provision, the court disagreed, observing that the arbitrator was forced to interpret the agreement precisely " because of its ambiguity as to whether § 16(b) or the AAA rules would apply to class certification." …
>
> In making our extremely limited review of the Class Award, we must, in these circumstances, agree with the district court that the arbitrator did not exceed the scope of his authority by certifying an "opt-out" class. As the district court recognized, the arbitrator "did what he was supposed to do: he analyzed two conflicting interpretations of the arbitration agreement and made a reasoned decision as to why an opt-out class should be certified." The court thus correctly ruled that it lacked the authority to vacate the Class Award, which was "at the very most" only an arguable contravention of the arbitrator's powers. In these circumstances, we are obliged to affirm the district court.

*Long John Silver*, 514 F.3d 345, 352 -354 (4th Cir. 2008) (citations omitted). The application of the AAA's class rules is appropriate in part because although the FLSA's right to proceed collectively is a substantive right, courts consistently find that the opt-in provision is a

procedural rule. *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006) (holding that the difference between the opt-in provision and Rule 23's opt-out provision is "a *mere* procedural difference.") (emphasis in original); *Long John Silver's Restaurants, Inc.,* 514 F.3d at 349 -351 (finding that 216(b)'s opt-in provision is a procedural device that is subject to a different forum's procedural rules); *see also*, *Espenscheid v. DirectSat USA, LLC*, -- F.3d --, No. 2-1943, 2012 WL 3156326, *4 (7th Cir. Aug. 6, 2012) ("Courts treat [FLSA opt-in actions] as the equivalent of class actions—and thus for example do not require motions to intervene and do require certification … except that in a collective action unnamed plaintiffs need to opt in to be bound, rather than, as in a class action, opt out not to be bound.")(J. Posner).

Whether this Court would have made the same decision as Judge Pratt is irrelevant as the Court's review is not de novo.  As explained in *Bryant,* "[t]he Court may not alter the decision of the Arbitrator on the basis that he misinterpreted, misapplied, or misstated the law. In this case, there is simply no indication that the Arbitrator deliberately ignored the law, and accordingly the Court has no reason to disturb the award."  1:04-cv-02550-CC Doc. 31, p. 4 (N.D.Ga. July 22, 2008).  Judge Pratt did not manifestly disregard the law.  To the contrary, he did what the parties asked him to do--decide between various interpretations of how to apply the parties' Arbitration Agreement.  Waterstone cannot seek to overturn the award just because it does not like the outcome. *Baravati,* 28 F.3d at 706.

## III. CONCLUSION

Waterstone's request to vacate the arbitrator's award should be denied. It chose the arbitration rules that would apply to Herrington's claims and compelled the claims to arbitration knowing full well that the claims would proceed on a class basis.  Although it is dissatisfied with

Judge Pratt's clause construction award, Waterstone has not shown that he manifestly disregarded the law.  Accordingly, the Court should not vacate the award.

Dated: August 27, 2012                             Respectfully Submitted,

/s/   Dan Getman
Dan Getman (Pro Hac Vice)
Artemio Guerra (on the brief)
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12561
phone: (845)255-9370 / fax: (845) 255-8649
email: dgetman@getmansweeney.com
email: aguerra@getmansweeney.com


ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that on this 27th day of August 2012, a copy of the foregoing Plaintiffs' Opposition to Defendants' Application for Review of Arbitrator's Partial Final Award on Clause Construction was electronically filed and delivered via CM/ECF to:

>Ari Karen
>Offit Kurman
>Russell B. Berger
>8171 Maple Lawn Blvd., Suite 200
>Fulton, MD 20759
>*Attorneys for Defendants*

>\_\_/s/_____
>Artemio Guerra