IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAMELA HERRINGTON,
individually and on behalf of all
others similarly situated,

                                                          OPINION AND ORDER

                Plaintiff,

                                                          11-cv-779-bbc

    v.

WATERSTONE MORTGAGE CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Pamela Herrington filed this proposed class action under the Fair Labor Standards Act and state law, alleging that defendant Waterstone Mortgage Corporation failed to pay its loan officers for overtime work. In an order dated March 16, 2012, dkt. #57, I concluded that plaintiff's claims would have to be resolved through arbitration under an agreement between the parties. However, in accordance with In re D.R. Horton, Inc., 357 NLRB No. 184 (2012), available at 2012 WL 36274, I also concluded that the National Labor Relations Act gave plaintiff the right to join other employees in her case. I closed the case administratively to allow the parties to proceed with arbitration.

      Now defendant has filed a motion to reopen the case and seek reconsideration of the second conclusion in light of D.R. Horton, Inc. v. NLRB, 12-60031, 2013 WL 6231617 (5th Cir. Dec. 3, 2013), which overturned the board's decision. Dkt. ##82 and 83. (The

1

parties are briefing that motion.) A few days later, defendant filed what it calls a "motion for a temporary restraining order" in which it asks the court to stay the arbitration until the court decides the other motions. Dkt. ##85-86.

The problem with defendant's motion for a temporary restraining order is that it cites no authority for this court's power to grant the motion. The cases defendant cites relate to a district court's authority to enjoin the parties from engaging in certain activities while the arbitration is pending. Teradyne, Inc. v. Mostek Corp., 797 F.2d 43 (1st Cir. 1986); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048 (4th Cir. 1985); Roso-Lino Beverage Distributors, Inc. v. The Coca-Cola Bottling Company of New York, 749 F.2d 124 (2d Cir. 1984); Sauer-Getriebe KG v. White Hydraulics, Inc., 715 F.2d 348, 350 (7th Cir. 1983). None of these cases suggest that a court may enjoin the arbitration itself. Further, defendant cites no provision in the Federal Arbitration Act or any other statute that provides the authority to do what it asks. Because a party seeking injunctive relief has the burden to show that it is entitled to the relief, Chicago District Council of Carpenters Pension Fund v. K & I Construction, Inc., 270 F.3d 1060, 1064 (7th Cir. 2001), defendant's failure to make that showing requires denial of its motion.

ORDER

IT IS ORDERED that defendant Waterstone Mortgage Corporation's motion for a

temporary restraining order, dkt. ##85 and 86, is DENIED.

    Entered this 16th day of December, 2013.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge