IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAMELA HERRINGTON, both individually and behalf of all other similarly situated persons,<br><br>**Plaintiffs,**<br><br>v.<br><br>**WATERSTONE MORTGAGE CORPORATION,**<br><br>**Defendant.** | Case No.: 3:11-cv-00779-bbc |

**MEMORANDUM IN SUPPORT OF
MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiff, Pamela Herrington, both individually and on behalf of all other similarly situated 175 loan originators ("Plaintiffs") seeks confirmation of an arbitration award against Defendant, Waterstone Mortgage Corporation ("Waterstone"), and an entry of judgment in conformity with the arbitration award. In support of their Motion, Plaintiffs state as follows:

Nature of Action

1.      This is a motion filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-13, to confirm an arbitration award entered in accordance with the Waterstone Mortgage Corporation Loan Originator Agreement ("Agreement"). *See* Ex. 1 Employment Agreement.

Parties, Jurisdiction and Venue

2.      Plaintiff Pamela Herrington ("Herrington") is an individual residing in Scottsdale, Arizona. Herrington was an employee of Waterstone. Herrington worked for Waterstone in the state of Arizona.

3.      The term "Plaintiff(s)" as used in this petition refers to the named plaintiff Pamela Herrington and the 174 other opt-in class members who filed a consent to sue pursuant to the

collective action provision of 29 U.S.C. §216(b) and were awarded damages under the Fair Labor Standards Act.

4. Waterstone's headquarters and principal office address is 1133 Quall Court, Pewaukee, Wisconsin 53072.

5. For the purposes of the Fair Labor Standards Act, Waterstone has employees engaged in commerce, or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

6. For each of the past seven years, Waterstone has been an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

7. This Court has original subject jurisdiction over this action as jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

8. Venue is proper in this district pursuant to 9 U.S.C. §9 and 28 U.S.C. §1391(b). Venue is proper in this Court under 28 U.S.C. §1391(b), in that Waterstone resides in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, which provides that an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made."

9. In addition, venue is proper under the terms of the parties' Employment Agreement, under which it states "This Agreement is made and entered into in the State of Wisconsin and shall in all respects be interpreted, enforced, and governed in accordance with the

laws of the State of Wisconsin." Ex. 1, Employment Agreement at ¶ 14. (Also filed previously as Dkt. 14-1).

10. The cause of action set forth in this action arose in this District.

Background

11. On November 28, 2011, Herrington brought a collective and class-action suit against Waterstone in the United States District Court for Western District of Wisconsin. *Herrington v. Waterstone Mortgage* Corporation, 3:11 Civ. 00779-bbc, Dkt. 3 (W.D. Wisc.)

12. On December 12, 2011, Waterstone moved to dismiss or stay the action on the ground that Herrington's claims were subject to arbitration. *Herrington*, 3:11 Civ. 00779-bbc, Dkt. 13 (W.D. Wisc.)

13. On March 16, 2012, this Court ordered the parties to enter into arbitration and stayed the action pending the outcome of arbitration. *Herrington*, 3:11 Civ. 00779-bbc, Dkt. 57 (W.D. Wisc.). The Court also ordered that the Plaintiff's "claim must be resolved through arbitration, but she must be allowed to join other employees to her case." (Dkt. 57 at p. 18).

14. On March 23, 2012, Herrington commenced the arbitration under the American Arbitration Association Employment Arbitration Rules and Supplementary Rules for Class Arbitrations by filing a demand with the American Arbitration Association.

15. On April 18, 2012, Waterstone filed its Answer.

16. On or about April 26, 2012, the American Arbitration Association appointed former Second Circuit Court of Appeals Judge the Honorable George C. Pratt as Arbitrator

17. On July 11, 2012, Arbitrator Pratt issued a Partial Final Award on Clause Construction in which he determined that the "applicable arbitration clause permits this arbitration to proceed on behalf of a class." Ex 2, Partial Final Award on Clause Construction.

18. On August 10, 2012, Waterstone moved this Court to vacate the clause construction award. Dkt. 61.

19. On December 3, 2012, this Court denied Waterstone's motion to vacate Arbitrator Pratt's Clause Construction Award. Dkt. 72. In denying Waterstone's motion, the Court wrote:

> In any event, even if defendant's petitions were timely, I would deny them. Defendant seems to assume in its briefs that it is entitled to de novo review of the arbitrator's decision because the focus of its arguments is that the arbitrator misinterpreted the arbitration agreement and failed to follow relevant case law. These arguments are doomed from the start because it is well established that legal and factual errors are not grounds for vacating an award. Defendant does not even try to show that the arbitrator violated § 10(a)(4) by "exceed[ing] [his] powers" as the Court of Appeals for the Seventh Circuit has defined that term.

Dkt. 72, pp. 1-2.

20. On August 2, 2013, Herrington filed her motion for class certification under Rule 4 of the AAA Supplementary Rules.

21. On March 4, 2014, Arbitrator Pratt granted Herrington's class certification motion, also finding an independent basis for class arbitration under the AAA's Employment Rules. See Ex. 3, Class Certification Award. Arbitrator Pratt stated "The arbitration will continue as a collective, opt-in arbitration under the AAA's Employment Rules." *Id.* at p. 15.

22. After a lengthy discovery period, on January 20, 2016, Arbitrator Pratt issued his Order on Four Dispositive Motions. Arbitrator Pratt granted Waterstone's motion to dismiss class members that failed to participate in discovery, denied Waterstone's motions for summary judgment on the outside sales exemption and to decertify the class, and denied Herrington's motion for summary judgment that Waterstone is contractually obligated to pay overtime and the minimum wage. See Ex. 4, Order on Four Dispositive Motions.

23. After an unsuccessful mediation, a detailed plan for a hearing on the merits was

finalized and ordered by Arbitrator Pratt on September 1, 2016. The hearing was held on October 17, 19-21, 2016, and December 20-21, 2016. The parties then submitted post-hearing memoranda on February 13, 2017, followed by post-hearing reply memorandum on March 10, 2017.

24. On April 13, 2017, Arbitrator Pratt ordered a Partial Award on Liability finding Waterstone liable under the FLSA for unpaid minimum wages and overtime and attorney fees and costs, and dismissing Herrington's claims under Wisconsin law and contract law. See Ex. 5, Partial Final Award on Liability.

25. On June 12, 2017, Arbitrator Pratt issued his Partial Final Award on Damages ordering Waterstone to pay 175 Plaintiffs $7,267,919.00 in damages under the FLSA. See Ex. 6, Decision and Partial Final Award on Damages.

26. On July 5, 2017, Arbitrator Pratt issued his Partial Final Award on Attorney's Fees and Costs ordering Waterstone to pay Herrington $3,318,851.00 in attorneys' fees and costs and an incentive fee in the sum of $20,000 to be paid to named plaintiff Pamela Herrington. Ex. 7, Decision and Partial Final Award on Attorney's Fees and Costs.

27. On July 5, 2017, Arbitrator Pratt issued the Final Award incorporating the partial final awards by reference and holding that Herrington shall recover from Waterstone the sum of $7,267,919.00 in damages, $3,318,851.00 in attorneys' fees and costs, and an incentive fee in the sum of $20,000 to be paid to named plaintiff Pamela Herrington. Ex. 8, Final Award.

## Confirmation of the Award

28. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides that at any time within one year after an arbitration award is made, any party to the arbitration may apply for an order confirming the arbitration award. Section 9 further provides that unless the arbitration

award has been vacated, modified or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act, 9 U.S.C. §§10 & 11, the Court must grant an order confirming the award. *Tinder v. Pinkerton Sec.*, 2001 WL 34379610, at *2 (W.D. Wis. Sept. 25, 2001)(J.Crabb).

29. A court's role in this confirming or vacating an arbitration award is "severely limited." *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992); *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir.1994); *Chicago Cartage Co. v. Int'l Bhd. of Teamsters,* 659 F.2d 825, 827 (7th Cir.1981).

30. "If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated." *Id.*; *see also Eljer Manufacturing, Inc. v. Kowin Development Corp.,* 14 F.3d 1250, 1254 (7th Cir.1994); *Tinder*, 2001 WL 34379610, at *2 (W.D. Wis. Sept. 25, 2001) (finding "the courts do not support use of arbitration as a "preliminary step to judicial resolution;" doing so would undermine the benefits of reduced delay and expense that arbitration offers litigants.").

31. "Thinly veiled attempts to obtain appellate review of an arbitrator's decision," are not permitted under the FAA. *Flexible Mfg. Sys. Pty Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 100 (7th Cir. 1996) (quoting *Gingiss International, Inc. v. Bormet,* 58 F.3d 328, 333 (7th Cir.1995)). "Factual or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards.... [I]nsufficiency of the evidence is not a ground for setting aside an arbitration award under the FAA." *Id.*; see also *Tinder*, 2001 WL 34379610, at *2.

32. The scope of the deference afforded arbitration awards is apparent in both the process applicable to and the standards the courts have adopted in reviewing such awards. Section 6 of the Federal Arbitration Act specifically provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of

motions, except as otherwise herein provided." 9 U.S.C. §6. Accordingly, a confirmation proceeding brought under the Act is "intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994)*; accord Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 691-92 (7th Cir. 2004); *Fairmount Minerals, Ltd. v. Mineral Serv. Plus, LLC*, 2014 WL 6389588, at *1 (W.D. Wis. Nov. 14, 2014)(J.Crabb).

33. That summary proceeding is not intended to revisit the merits of the underlying proceeding. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) ("It is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not."); *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994) ("Judicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all."); *Nat'l Wrecking Co. v. Local 731, Int'l Bhd. of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993) ("Arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party.").

34. "A reviewing court will enforce the arbitrator's award so long as it draws its essence from the contract, even if the court believes that the arbitrator misconstrued its provisions." *United Food & Commercial Workers, Local 1546 v. Illinois-American Water Co.*, 569 F.3d 750, 754 (7th Cir. 2009) (internal quotation marks omitted). Phrased differently, courts should "not set aside an arbitral award so long as the arbitrator interpreted the parties' agreement at all." *Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir. 2008) (emphasis in original).

35. "Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008); *see also Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1275

7

(10th Cir. 2005) (noting that judicial review of arbitration awards "has been described as among the narrowest known to law") (internal quotations and citation omitted).

36.  Arbitrator Pratt's Final Award (which incorporates the Partial Final Award on Liability, Partial Final Award on Damages and Partial Final Award on Attorney's Fees and Costs) is comprehensive, well-reasoned, and strongly supported by both the law and the facts. See Ex. 8.

37.  The fact that Waterstone may not like the result, or disagrees with the Arbitrator's conclusions, is irrelevant. *Tinder*, 2001 WL 34379610, at *2 (stating that a party "turned a blind eye" to the court's "limited scope of review in deciding whether to confirm an arbitration award" when arguing that the arbitrator exceeded their powers because the arbitrator's decision was wrong.).

38.  Because the Final Award has not been vacated, modified or corrected as prescribed in Sections 10 and 11 of the FAA, and because there is no basis for doing so, this Court should confirm the Final Award and enter judgment thereon. See 9 U.S.C. §9.

39.  This application is timely made in that the Final Award was issued less than one year ago, on July 5, 2017.

40.  No previous application has been made for the relief requested herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court confirm the arbitration award rendered by Arbitrator George C. Pratt and enter judgment thereon, as follows:

A.  Plaintiffs shall recover from Waterstone an award of damages under the FLSA in the total amount of $7,267,919.00 plus post-award interest[1] at the rate of 5.25% per annum on

---

[1] Wis. Stat. Ann. § 815.05 states: "… every execution upon a judgment for the recovery of

8

any amounts not paid when due, with interest continuing to accrue on the full amount thereof at the rate specified by the Court from the date of the entry of Judgment;

  B. Plaintiffs shall recover from Waterstone an award of attorney's fees and costs in the amount of $3,318,851.00;

  C. Plaintiffs shall recover from Waterstone an incentive fee in the sum of $20,000 to be paid to named plaintiff Pamela Herrington; and

  D. Such other relief as the Court deems just and proper.

Dated: July 17, 2017            Respectfully Submitted,

                    *s/ Matt Dunn*
                    Matt Dunn (Pro Hac Vice)
                    Dan Getman (Pro Hac Vice)
                    Alex Dumas (on the brief)
                    GETMAN, SWEENEY & DUNN, PLLC
                    260 Fair St.
                    Kingston, NY 12401
                    dgetman@getmansweeney.com
                    mdunn@getmansweeney.com
                    adumas@getmansweeney.com

---

money shall direct the collection of interest at an annual rate equal to 1 percent plus the prime rate in effect on January 1 of the year in which the judgment is entered if the judgment is entered on or before June 30 of that year or in effect on July 1 of the year in which the judgment is entered if the judgment is entered after June 30 of that year, as reported by the federal reserve board in federal reserve statistical release H. 15, on the amount recovered from the date of the entry of the judgment until it is paid."