# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

PAMELA HERRINGTON, both individually and
behalf of all other similarly situated persons,

Plaintiffs,

v.

WATERSTONE MORTGAGE CORPORATION,

Defendant.

Case No.: 3:11-cv-00779-bbc

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## MOTION FOR SANCTIONS

Respectfully Submitted,

by

Dan Getman (Pro Hac Vice)
Matt Dunn (Pro Hac Vice)
Alex Dumas (on the brief)
GETMAN, SWEENEY & DUNN, PLLC
260 Fair St.
Kingston, NY 12401

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD.................................................................................................... 2

RELEVANT PROCEDURAL HISTORY ..................................................................... 7

ARGUMENT .............................................................................................................. 10

WATERSTONE'S ATTORNEYS SHOULD BE SANCTIONED FOR
PRESENTING FRIVOLOUS ARGUMENTS TO VACATE THE
ARBITRATION AWARD ........................................................................................... 10

    1.   The Arbitrator's Decision To Send Putative Class Members A
        Questionnaire To Determine If There Were Grounds To Certify An
        Opt-In Class Does Not Violate The FAA. ............................................... 11

    2.   Waterstone's Claim That Arbitrator Pratt Made Comments About His
        Findings Being Unreviewable Are Neither Supported Nor Relevant to
        the FAA. .................................................................................................. 13

    3.   Waterstone's Claims That Arbitrator Pratt Slept Through The Proceedings
        Are Nothing More Than Attempt To Slander The Good Name Of The
        Judge Who Found Against It And Who Found Its CEO And National
        Sales Manager Had Testified Falsely. ..................................................... 14

    4.   Waterstone Should Be Sanctioned In An Amount That Will Deter Further
        Delays By It And Similar Actors. ........................................................... 16

CONCLUSION............................................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704 (7th Cir. 1994)...................................... 4, 5

*Chicago Cartage Co. v. Int'l Bhd. of Teamsters*, 659 F.2d 825 (7th Cir. 1981) ........................... 4

*CNPA v. Chicago Web Printing Pressmen's Union No. 7,* 821 F.2d 390
   (7th Cir. 1987) ............................................................................................................... 3

*Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556
   (7th Cir. 2006) ........................................................................................................ 7, 10

*Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269
   (10th Cir. 2005) ............................................................................................................ 6

*Eljer Manufacturing, Inc. v. Kowin Development Corp.,* 14 F.3d 1250 (7th Cir. 1994)............... 4

*Flexible Mfg. Sys. Pty Ltd. v. Super Prods. Corp.*, 86 F.3d 96 (7th Cir. 1996) ........................... 5

*Gingiss International, Inc. v. Bormet,* 58 F.3d 328 (7th Cir. 1995) .............................................. 5

*Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557 (7th Cir. 2008) ............................. 6

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) ...................................................... 4

*Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689 (7th Cir. 2004).................................................. 5

*Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253 (7th Cir. 1992) ......................................... 4

*Herrington v. Waterstone Mtg. Corp.,* 11 Civ. 779–bbc, Dkt. 72
   (W.D. Wis. Dec. 3, 2012)............................................................................................. 8

*Kelly v. Am. Standard, Inc.*, 640 F.2d 974 (9th Cir. 1981) ........................................................ 17

*Menke v. Monchecourt*, 17 F.3d 1007 (7th Cir. 1994).................................................................. 5

*Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731,* 990 F.2d 957
   (7th Cir. 1993) ......................................................................................................... 3, 5

*Optionsxpress, Inc. v. Hale*, 08 Civ. 179, 2009 WL 4015556
   (N.D. Ill. Nov. 19, 2009) ............................................................................................. 7

*Posner v. Showroom, Inc.,* 762 F.2d 1010 (6th Cir. 1985) ......................................................... 17

*Prostyakov v. Masco Corp.*, 513 F.3d 716 (7th Cir.2008)......................................................... 4, 6

*Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Local Union No. 330*,
    557 F.3d 746 (7th Cir. 2009) ................................................................................... 17

*SII Investments, Inc. v. Jenks*, No. 8:05 Civ. 2148 T 23MAP, 2006 WL 2092639
    (M.D. Fla. July 27, 2006) ......................................................................................... 7

*Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196 (7th Cir.1980) ............................ 12

*Tinder v. Pinkerston Sec.*, 00 Civ. 0170, 2001 WL 34379610
    (W.D. Wis. Sept. 25, 2001) ................................................................................. 4, 5

*United Food & Commercial Workers, Local 1546 v. Illinois-American Water Co.*,
    569 F.3d 750 (7th Cir. 2009) ..................................................................................... 5

*United States v. Krohn*, 560 F.2d 293, 297 (7th Cir.), cert. denied, 434 U.S. 895,
    98 S.Ct. 275, 54 L.Ed.2d 182 (1977) ..................................................................... 15

*United States Wrestling Federation v. Wrestling Division of the AAU, Inc.*,
    605 F.2d 313 (7th Cir. 1979) ................................................................................... 12

*Wise v. Wachovia Sec., LLC*, 450 F.3d 265 (7th Cir. 2006) ........................................ 5

**Rules**

Fed. R. Civ. P. Rule 11 ................................................................................................. 2

**INTRODUCTION**

This is an FLSA minimum wage and overtime case in which the Plaintiffs have been waiting to get their promised wages since 2010. Pamela Herrington filed this case in this court as an FLSA collective action in 2011. After the Court performed initial gatekeeping functions, the case was sent to arbitration (Plaintiff filed a demand with the American Arbitration Association on March 23, 2012). The parties selected the retired U.S. District Judge for the SDNY and Circuit Judge (Second Circuit) George C. Pratt to act as Arbitrator.

Following a lengthy pre-trial discovery and motion period, and after a trial conducted in October and December 2016, Arbitrator George C. Pratt issued a final arbitral award on April 13, 2017. Arbitrator Pratt ordered a Partial Award on Liability finding that because Waterstone had promised its LOs that they were not exempt from the FLSA, it had violated its promise and the FLSA by failing to pay them minimum wage and overtime. Arbitrator Pratt found Waterstone liable under the FLSA for unpaid minimum wages and overtime and attorneys' fees and costs, and dismissed Plaintiffs' claims under Wisconsin law and contract law. See Ex. 1, Partial Final Award on Liability. On June 12, 2017, after the parties submitted briefs and held a telephonic conference with Arbitrator Pratt, he issued his Partial Final Award on Damages ordering Waterstone to pay 175 Plaintiffs $7,267,919.00 in damages under the FLSA. See Ex. 2, Decision and Partial Final Award on Damages. On July 5, 2017, Arbitrator Pratt issued his Partial Final Award on Attorney's Fees and Costs ordering Waterstone to pay Plaintiffs $3,318,851.00 in attorneys' and costs and an incentive fee in the sum of $20,000 to be paid to named plaintiff Pamela Herrington. Ex. 3, Decision and Partial Final Award on Attorney's Fees and Costs. On July 5, 2017, Arbitrator Pratt issued the Final Award incorporating the partial final awards by reference and holding that Herrington shall recover from Waterstone the sum of $7,267,919.00 in

damages, $3,318,851.00 in attorneys' and costs, and an incentive fee in the sum of $20,000 to be paid to named plaintiff Pamela Herrington. Ex. 4.

Plaintiffs moved to confirm the award on July 18, 2017. Waterstone opposed (Dkt. 107) and filed a motion seeking to vacate the award (Docs. 112-117) in filings signed by its attorney Spencer C. Skeen for the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (Waterstone and its attorneys herein are collectively referred to as "Waterstone" herein). Waterstone raised three challenges to the award, as a whole.[1] Plaintiffs served this motion for Rule 11 sanctions on Waterstone through its counsel, and on its counsel, on August 2nd – at least 21 days prior to the filing of this motion. Waterstone refused to withdraw its opposition to confirmation of the award. Plaintiffs then filed this motion.[2]

### LEGAL STANDARD

Fed. R. Civ. P. Rule 11 states in pertinent part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] Waterstone also pointed out that the Arbitrator had accidentally double counted the $20,000 service payment. Plaintiffs quickly informed Waterstone we would stipulate to reducing the extra $20,000 and asked Waterstone to prepare whatever settlement papers it deemed necessary. Waterstone did not agree to the stipulation.

[2] On August 23, 2017, Plaintiffs' Counsel conferred with Waterstone's Counsel concerning the Rule 11 motion. Waterstone's Counsel proposed the following agreement (pending confirmation from Waterstone): 1) Waterstone will withdraw its arguments in connection to the survey (that Arbitrator Pratt was biased insofar as he designed an imperfect class survey and that he made off-the-record remarks that he did not have to follow the law and that as an Arbitrator); 2) the Arbitrator had accidentally double counted the $20,000 service payment (which Plaintiffs previously agreed); 3) the Parties litigate the issue of "misconduct" because the Arbitrator slept through some unspecified portion of testimony; and 4) Plaintiffs agree that Plaintiffs withdraw their Rule 11 motion. Plaintiffs did not agree to Waterstone's Counsel's proposal because that did not resolve the remaining frivolous argument.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; ***

(c) **Sanctions.**

(1) ***In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) ***Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Under Rule 11, the district court may impose sanctions if a pleading or motion is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731,* 990 F.2d 957, 963 (7th Cir.1993). The court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.* (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7,* 821 F.2d 390, 397 (7th Cir. 1987) (citations omitted)). Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met. Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions [of filings] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

Plaintiffs contend in this motion that Waterstone challenges the arbitration award for factual or legal error, but not for the kind of error that merits vacatur under the FAA. Federal courts "do not—and will not—review arbitral awards for legal or factual error." *Prostyakov v.*

*Masco Corp.*, 513 F.3d 716, 722 (7th Cir. 2008). The Federal Arbitration Act is intended to ensure that arbitration remains a speedy process. 9 U.S.C. §§ 10 and 11 "respectively provide the FAA's exclusive grounds for expedited vacatur and modification." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).

> Sections 10 and 11, after all, address egregious departures from the parties' agreed-upon arbitration: "corruption," "fraud," "evident partiality," "misconduct," "misbehavior," "exceed[ing] ... powers," "evident material miscalculation," "evident material mistake," "award[s] upon a matter not submitted"; the only ground with any softer focus is "imperfect[ions]," and a court may correct those only if they go to "[a] matter of form not affecting the merits." *** Instead of fighting the text, it makes more sense to see the three provisions, §§ 9–11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process," *Kyocera,* 341 F.3d, at 998; cf. *Ethyl Corp. v. United Steelworkers of America,* 768 F.2d 180, 184 (C.A.7 1985), and bring arbitration theory to grief in post arbitration process.

*Id.* 522 U.S. at 586–88.

A court's role in this confirming or vacating an arbitration award is thus "severely limited." *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992); *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir. 1994); *Chicago Cartage Co. v. Int'l Bhd. of Teamsters*, 659 F.2d 825, 827 (7th Cir. 1981). "If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated." *Id.*; *see also Eljer Manufacturing, Inc. v. Kowin Development Corp.,* 14 F.3d 1250, 1254 (7th Cir.1994); *Tinder v. Pinkerston Sec.*, 00 Civ. 0170, 2001 WL 34379610, at *2 (W.D. Wis. Sept. 25, 2001)(finding "the courts do not support use of arbitration as a "preliminary step to judicial resolution;" doing so would undermine the benefits of reduced delay and expense that arbitration offers litigants.").

"Thinly veiled attempts to obtain appellate review of an arbitrator's decision," are not permitted under the FAA. *Flexible Mfg. Sys. Pty Ltd. v. Super Prods. Corp*., 86 F.3d 96, 100 (7th Cir. 1996)(quoting *Gingiss International, Inc. v. Bormet,* 58 F.3d 328, 333 (7th Cir. 1995)). "Factual or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards.... [I]nsufficiency of the evidence is not a ground for setting aside an arbitration award under the FAA." *Id.*; see also *Tinder*, 2001 WL 34379610, at *2. Accordingly, a confirmation proceeding brought under the Act is "intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994)*; accord Hasbro, Inc. v. Catalyst USA, Inc*., 367 F.3d 689, 691-92 (7th Cir. 2004); *Fairmount Minerals, Ltd. v. Mineral Serv. Plus, LLC*, 2014 WL 6389588, at *1 (W.D. Wis. Nov. 14, 2014)(J.Crabb). That summary proceeding is not intended to revisit the merits of the underlying proceeding. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) ("It is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not."); *Baravati v. Josephthal, Lyon & Ross, Inc*., 28 F.3d 704, 706 (7th Cir. 1994) ("Judicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all."); *Nat'l Wrecking Co. v. Local 731, Int'l Bhd. of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993) ("Arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party."). "A reviewing court will enforce the arbitrator's award so long as it draws its essence from the contract, even if the court believes that the arbitrator misconstrued its provisions." *United Food & Commercial Workers, Local 1546 v. Illinois-American Water Co*., 569 F.3d 750, 754 (7th Cir. 2009) (internal quotation marks omitted). Phrased differently, courts should "not set aside an arbitral award so long as the arbitrator interpreted the parties' agreement at all."

*Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir. 2008) (emphasis in original). "Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008); *see also Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005) (noting that judicial review of arbitration awards "has been described as among the narrowest known to law") (internal quotations and citation omitted).

Given the FAA's extremely limited review, Courts in this Circuit, and around the U.S. have not hesitated to impose Rule 11 sanctions when arbitrants attempt to involve the Courts in a legal review of arbitral resolutions:

> Not only do we have to consider the general Rule 11 sanction principles in this case, but we must also consider the long line of Seventh Circuit cases that have discouraged parties from challenging arbitration awards and have upheld Rule 11 sanctions in cases where the challenge to the award was substantially without merit. *See, e.g., Bailey v. Bicknell Minerals, Inc.,* 819 F.2d 690, 691 (7th Cir.1987); *Hill v. Norfolk and Western Ry.,* 814 F.2d 1192 (7th Cir.1987); *Machinists & Aerospace Workers v. Clearing,* 807 F.2d 618 (7th Cir.1986); *Dreis & Krump Mfg. Co. v. Int'l Assoc. Machinists District 8,* 802 F.2d 247, 255–56 (7th Cir.1986). In *Dreis & Krump Manufacturing Co.,* 802 F.2d at 255–56 this Court said:
>
>> A company dissatisfied with the decisions of labor arbitrators need not include an arbitration clause in its collective bargaining contracts, but having agreed to include such a clause it will not be permitted to nullify the advantages to the union by spinning out the arbitral process unconscionably through the filing of meritless suits and appeals. For such conduct the law authorizes sanctions that this court will not hesitate to impose. Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts.... Lawyers practicing in the Seventh Circuit, take heed!
>
> The precedent is clear and emphatic and directs us to uphold sanctions in a broad spectrum of arbitration cases. The "filing of meritless suits and appeals" in arbitration cases warrants Rule 11 sanctions. We are thus compelled to uphold the lower court's award of sanctions against CUNA. We find that CUNA's claims

were meritless and were very unlikely to succeed in the lower court based on the straight-forward case law relevant to these claims.

*Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006). *See also, SII Investments, Inc. v. Jenks*, No. 8:05 Civ. 2148 T 23MAP, 2006 WL 2092639, at *1 (M.D. Fla. July 27, 2006)(noting "Eleventh Circuit's clear warnings that courts should impose Rule 11 sanctions on a party who seeks to vacate an arbitration decision without any real legal basis for doing so."); *Optionsxpress, Inc. v. Hale*, 08 Civ. 179, 2009 WL 4015556 (N.D. Ill. Nov. 19, 2009)(sanctions for motion to vacate award). Here, Waterstone has attempted to couch its objections to the arbitral award in the language of the FAA, but it fails to substantiate any error that remotely falls within that statute.

### RELEVANT PROCEDURAL HISTORY

Pamela Herrington, a Waterstone Loan Originator from Arizona, filed this case in this Court in November 2011. Waterstone moved to compel individual arbitration. The Court enforced the arbitration clause but struck Waterstone's class waiver. Plaintiff then filed a collective/class action before the AAA under the Supplementary Class Rules in March 2012. Both Parties selected Judge George C. Pratt, a highly respected former U.S. District Court and Second Circuit Court of Appeals judge, to handle the case.

Almost immediately, Waterstone began a campaign to challenge in Court, any decision in which the Arbitrator ruled against it. Throughout this litigation, Waterstone has repeatedly sought Court review of arbitral proceedings. For Waterstone's efforts, Waterstone has been chastised for its mischaracterization, delays, and using wasteful procedural mechanisms when it received unfavorable rulings. For example, after Arbitrator Pratt held the arbitration agreement permits class arbitration and sanctioned Waterstone for spreading misinformation and using

coercive tactics with potential class members[3], Waterstone appealed to this Court. However, Your Honor chastised Waterstone for its appeal:

> Particularly because it was defendant that sought to enforce the arbitration agreement, its immediate and repeated attempts to obtain court intervention in the arbitration process are both ironic and improper. I directed the parties to arbitration because that is how they agreed to resolve their dispute, not to make the proceedings even more contentious and expensive. Accordingly, I anticipate that defendant will use better judgment in the future in deciding whether and when to invoke § 10(a)(4).

*Herrington v. Waterstone Mtg. Corp.*, 11 Civ. 779–bbc, Dkt. 72, pp. 2-3 (W.D. Wis. Dec. 3, 2012). Two years later, Your Honor criticized the excessive delays in the case after Waterstone filed its fourth appeal in this Court:

> One final matter deserves mention. This case was filed more than two years ago, which is longer than it takes for most cases to be resolved in this court, and yet the parties remain stuck at a preliminary stage of the case. Although I make no comment on the reasons for the delay, it is clear that the case has been languishing for far too long. I anticipate that when the parties return to arbitration, they will make every effort to work with the arbitrator to set a schedule that will allow the remainder of the case to be resolved expeditiously.

Dkt. 92, p. 13 (Jan. 28, 2014). In yet another Waterstone appeal to this Court, Your Honor rejected Waterstone's mischaracterizations and stated that Waterstone "continues to misstate the scope of the issue it is seeking to appeal…[Waterstone] does itself no favors by mischaracterizing the relevant issue in an attempt to make a more persuasive argument." Dkt. 97, pp. 2-3 (Feb. 21, 2014).

Waterstone continued to drag out what should have been a speedy arbitration for 6 years, so far. During Arbitration, it insisted on taking the depositions of 50 LOs. It filed countless motions for reconsideration. Waterstone's gamesmanship during the arbitration included

---

[3] Twice, Judge Pratt sanctioned Waterstone for violating his orders. The first time, Waterstone sent employees a letter and required them to sign agreements that could have compromised their ability to participate in this case. The second time, Waterstone sent the same coercive letter shortly after notice about the right to join the case was sent to the class.

coercing LOs to sign a different employment agreement that asked employees to agree that any claims against Waterstone must proceed either in a Wisconsin State or District Court or in a JAMS arbitration, but that eliminated the option to proceed in arbitration before the AAA, thereby suggesting that LOs could not join the pending AAA arbitration. Waterstone also supplied a class list with erroneous addresses, somehow off by a single critical digit. It also conducted surreptitious communications with its LOs about the case, which were prohibited by the Arbitrator, and was sanctioned for it. Waterstone filed numerous motions for reconsideration and sought at least four interlocutory appeals to the District Court, and Judge Crabb criticized Waterstone's repeated resort to the Courts in an arbitral proceeding. Waterstone was sanctioned twice by Arbitrator Pratt during the arbitral proceedings. *See* Order dated November 1, 2012, Ex. 5 hereto, and Order dated March 25, 2015, Ex. 6 hereto. In his Partial Award on liability, Arbitrator Pratt found that Waterstone's CEO and National Sales Manager's trial testimony was "incredible" as a "story" directly contrary to these individuals' prior deposition testimony. Ex. 1, p. 22.

After finding for Plaintiffs on liability, Arbitrator Pratt awarded Plaintiffs their attorneys' fees, granting a 20% multiplier citing Waterstone's "scorched earth" litigation tactics. Fees Award, July 5, 2017, p.7, Ex. 3 hereto. Despite being warned, penalized, and sanctioned repeatedly about "scorched earth" and delaying tactics, Waterstone has continued those practices in this Court with the current motion and response to confirmation. By opposing Plaintiffs' motion to confirm, and by advancing frivolous arguments to "vacate" the award, Waterstone has further delayed Plaintiffs' receipt of wages that were due as far back as 2010.

# ARGUMENT

## WATERSTONE'S ATTORNEYS SHOULD BE SANCTIONED FOR PRESENTING FRIVOLOUS ARGUMENTS TO VACATE THE ARBITRATION AWARD

Waterstone's opposition to Plaintiffs' motion to confirm the award, and its motion to vacate the award, are sanctionable under Rule 11(b)(1) because they are "being presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and under Rule 11(b)(2) because "the claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Waterstone's citation to pre-2008 caselaw, and caselaw dealing with arbitration under statutes different from the FAA, misstated the standard for review, and Waterstone's presentation of arguments for vacatur that do not address the actual standard under the FAA are therefore frivolous. *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006).

In its opposition to Plaintiffs' motion to confirm and its motion to vacate, Waterstone claimed:

1. Arbitrator Pratt was biased insofar as he designed an imperfect class survey.

2. Arbitrator Pratt made off-the-record remarks that he did not have to follow the law and that as an Arbitrator, his decision was unreviewable by a Court.

3. Arbitrator Pratt slept through some unspecified portion of testimony.

However, these claims are frivolous because:

1. The class survey is permissible in arbitration and Respondent's allegation of legal error cannot be crammed to fit into the FAA's review authority by re-labelling it "bias."

2.      The stray remarks alleged by Respondents were not made on the record, and are neither prejudicial to Respondent, nor inaccurate as a matter of law. Waterstone does not even explain how such comments would fall within any listed grounds for vacating or not confirming an arbitral award.

3.      There is no competent evidence the Arbitrator slept and if Waterstone believed he had, Waterstone should have objected, but it never did. Because it did not, any error was waived.

Plaintiffs agreed with Waterstone that the Arbitrator inadvertently double counted the incentive award, and we asked Waterstone to prepare a stipulation to that effect on July 28th. Ex. 10. Waterstone did not do so by the time this motion was prepared. However, the other three Waterstone contentions are clearly frivolous. And because Waterstone's positions serve only to unreasonably delay the Plaintiffs' receipt of the wages they are due, or to smear the reputation of the Arbitrator for having ruled against it, they are sanctionable.

**1.  The Arbitrator's Decision To Send Putative Class Members A Questionnaire To Determine If There Were Grounds To Certify An Opt-In Class Does Not Violate The FAA.**

Waterstone argued that Arbitrator Pratt should not have allowed interested parties (putative class members) to submit factual position statements about matters they had an interest in and that the questionnaire thus constituted "bias" under the FAA. Waterstone complains that the survey crafted by Arbitrator Pratt was imperfect, but it cites no caselaw finding a judicial questionnaire as part of class certification, to constitute bias in the ultimate award.

The charge of bias against a neutral arbitrator amounts to an extreme effort to tarnish his reputation. And idle slinging of wild charges simply does not comport with the FAA's strict standards of what constitutes grounds to vacate. 9 U.S.C. 10(a) only permits a Court to vacate an

award for "corruption, fraud, or undue means" or "where there was evident partiality or corruption in the arbitrator[]."

Courts do not permit parties to re-label allegations of legal error as "bias." *Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196, 1200 (7th Cir.1980) ("The interest or bias ... must be direct, definite and capable of demonstration rather than remote, uncertain or speculative."); *United States Wrestling Federation v. Wrestling Division of the AAU, Inc.*, 605 F.2d 313, 318 (7th Cir. 1979). Waterstone's characterizations aside, the facts alleged, do not remotely constitute "bias."

As set forth in Plaintiffs' opposition to Waterstone's motion to vacate, surveys are routinely used in Court. The use of a survey does not violate AAA Rules. The survey complained of, even if it were legal error, hardly demonstrates partiality. And Waterstone failed to explain how error in a survey which was considered by the Arbitrator in certifying a collective action, affected the final award herein. The survey was nowhere cited by Arbitrator Pratt in that award. Further, Waterstone stipulated at trial that its LOs worked 52.5 hours per week and were subjected to $100 per week in unreimbursed business expenses. The pay records showed what LOs were paid and that they did not receive overtime. Thus, the survey had nothing to do with the final decision.

Waterstone also presented this issue to the AAA's Administrative Review Council, just prior to the resumption of the December portion of the trial, in which it asked the AAA to remove Arbitrator Pratt from concluding the trial. Ex. 7. Plaintiffs pointed out that the use of the questionnaire was not "bias." Ex. 8. The AAA Administrative Review Council denied Waterstone's motion to remove the Arbitrator Pratt, jointly selected by Waterstone. Ex. 9. By agreeing to the AAA Rules and processes, and by following those processes, Waterstone has

received all arbitral process that was due. Waterstone does not challenge the AAA ARC decision refusing to remove Arbitrator Pratt.

Even if the survey were poorly crafted, which it was not, Waterstone supplies no legal citation for the contention that a poorly crafted survey constitutes bias reversible under the FAA. That failure is abundant evidence of the lack of merit in its claims. The Arbitrator ruled against the Plaintiffs here on numerous occasions.[4] Merely choosing Plaintiffs' proposed form, over Waterstone's proposed form, during the certification stage, does not constitute "bias" standing alone. Even if Arbitrator Pratt had erred, and as shown on Plaintiffs' papers, the Arbitrator did not err. However, it is frivolous for Waterstone to label as "bias" what is nothing more than a disputed claim of legal error.

### 2. Waterstone's Claim That Arbitrator Pratt Made Comments About His Findings Being Unreviewable Are Neither Supported Nor Relevant to the FAA.

---

[4] Judge Pratt found against Waterstone, but he ruled against Plaintiffs repeatedly and on critical matters that have substantially advantaged Waterstone and substantially reduced its exposure. For example,

    a. Arbitrator Pratt ruled that Plaintiffs' class action could not proceed as such under the AAA Supplementary Rules for Class Arbitration. This reduced the class size from approximately 1,000 class members to only 222. Effectively, this removed 80% of Waterstone's liability.

    b. He ruled that the Plaintiffs were exempt from the FLSA on the outside sales exemption. Plaintiffs moved for summary judgment on this issue and believe we had the much stronger case. This may result in removal of most of the remaining liability in this case.

    c. Arbitrator Pratt denied numerous motions and numerous requests for relief sought by Plaintiffs. A full review of the record would show that Arbitrator Pratt has ruled for and against both sides.

    d. Arbitrator Pratt limited Plaintiffs' website, so that Plaintiffs could not communicate clearly and directly with unknown class members.

    e. In this representative action, Arbitrator Pratt permitted Waterstone to depose 50 LOs, which was slightly less one quarter of the class. Typically in FLSA representative actions only a few opt-in class members testify.

    f. At Waterstone's request, and over Plaintiffs' objections, Arbitrator Pratt required 30 loan originators to testify at trial.

Waterstone's claim of overall bias is unfounded and absurd.

Waterstone supplies a declaration by Ari Karen that he recalls Arbitrator Pratt having stated that "his duty was not necessarily to follow the law *per se,* but to do what he thought was right and fair." Dkt. 107, p. 8. Waterstone's losing counsel is no stenographer. Nor is his record of an off-the-record remark entitled to any credit, under the FAA. Arbitrator Pratt, as an esteemed judge was well aware of his legal duty.

Even if Mr. Karen's post hoc recollections were true, <u>and they simply cannot be corroborated</u>, those allegations would provide no grounds for disturbing the award. For the award itself follows the law. The FAA allows no resort to the Courts because an arbitrator suggested he could do what was fair and just, without strict adherence to the law. Waterstone selected the arbitral forum, it selected application of the FAA, and it selected the Arbitrator.

But most importantly, Waterstone never specified what provision of the FAA it believes this alleged conduct violates. Waterstone does not claim that the award itself violated 9 U.S.C. §10, and makes no allegation that the actual award were infected by some improper consideration. Thus, the claimed remarks supply no grounds to oppose confirmation. And the remarks, if made, are legally defensible and certainly betray no animus to Waterstone. The citation to off the record stray remarks which cannot be verified, cannot be a basis to withhold confirmation. Waterstone's opposition on this basis is frivolous.

3. **Waterstone's Claims That Arbitrator Pratt Slept Through The Proceedings Are Nothing More Than Attempt To Slander The Good Name Of The Judge Who Found Against It And Who Found Its CEO And National Sales Manager Had Testified Falsely.**

Waterstone's motion to vacate the award based on its unsupported claim that the Arbitrator slept during some unspecified portion of the proceedings is absurd, libelous, and smacks of retribution for the Arbitrator's findings against it and his findings that Waterstone's top officials testified falsely. Waterstone's public and scurrilous filing is mere smearing of the

Arbitrator's good reputation. It certainly cannot be grounds for vacating the arbitral award. Indeed, Waterstone supplies no specific section of the FAA which it contends were violated by the alleged conduct.

First, Waterstone has not shown that the Arbitrator was actually sleeping. A photo of the Arbitrator with his eyes closed does not prove that he was sleeping. Nor is there any proof that the photo was taken while a witness was testifying, rather than during breaks. The photos were not time stamped.

More significantly, Waterstone never objected on the record to the Arbitrator. Waterstone's failure to object at trial means that any trial irregularities were waived. *United States v. Krohn*, 560 F.2d 293, 297 (7th Cir.), cert. denied, 434 U.S. 895, 98 S.Ct. 275, 54 L.Ed.2d 182 (1977).

Nor would it even matter if Arbitrator Pratt had slept during LO testimony (and he did not). Loan Originator testimony was supplanted by a trial stipulation by all sides, that each LO would be deemed to have worked 52.5 hours each week, and bore $100 in unreimbursed business expenses each week. Nothing in the Arbitrator's award shows that he relied upon disputed testimony, or incomplete testimony, or made any finding concerning what LOs understood their contract to mean. Arbitrator Pratt's liability award depended upon the trial stipulation, reading the relevant contract and policy documents, and pre-trial 30(b)(6) testimony from Waterstone's officials. Thus, the simple fact is, LO testimony was ultimately unnecessary to the award. Waterstone did not supply evidence that Arbitrator Pratt was sleeping during testimony on any disputed issue that the Arbitrator resolved against it.

Finally, Waterstone made a complaint to the AAA about its allegations that the Arbitrator had slept during the October trial. Waterstone made an "emergency motion" to a separate AAA

body, the Administrative Review Council, to ask that the AAA remove the Arbitrator from the proceedings, just a few days prior to the December trial dates. Ex. 7. The AAA ARC considered Waterstone's motion, and decided that it did not warrant removal or any other action. Ex. 9. Thus, Waterstone, having required the parties to use AAA Arbitration, took advantage of all AAA procedures to address its allegations of arbitrator malfeasance. The AAA considered those allegations, and consonant with its rules and practices, rejected Waterstone's allegations. Waterstone did not seek vacatur based on the ARC's failure to remove Arbitrator Pratt. Having availed itself of the AAA's process, Waterstone has received all arbitral process due it under the AAA's rules.

Waterstone's motion seeking to overturn years of arbitration based on a post hoc claim that the Arbitrator slept during portions of a trial that Waterstone did not contend were material to the decision, and as to which it failed to object on the record, is merely intended to unfairly smear the good name of the arbitrator, and to delay having to pay the sums it owes. Waterstone's motion is frivolous and should be subjected to sanctions.

**4. Waterstone Should Be Sanctioned In An Amount That Will Deter Further Delays By It And Similar Actors.**

Waterstone required the parties to engage in arbitration. Waterstone jointly selected the Arbitrator. Waterstone claims the arbitrator crafted an imperfect class member survey. And now that the Arbitrator has issued an award it does not like, it claims that survey constitutes bias. But it has not shown any bias in the survey. Nor has it shown that the final award was tainted by bias.

Waterstone also claims that the arbitrator slept through some unspecified portion of the proceedings. There is no real evidence to substantiate that charge. Waterstone also failed to object to the Arbitrator sleeping during the proceedings, thereby waiving its complaint. If Waterstone's claims are mere gamesmanship, they are a sorry substitute for competent litigation.

Sanctions, if awarded should be set at such a rate to deter such conduct in the future. Of course, attorneys' fees and costs expended to respond to Waterstone's frivolous contentions should be included along with the fees and costs associated with this motion. However, fees and costs are routinely available to a prevailing Plaintiff in FLSA post-award proceedings. *See Posner v. Showroom, Inc.,* 762 F.2d 1010 (6th Cir. 1985)(fees on appeal); *Kelly v. Am. Standard, Inc.*, 640 F.2d 974, 986 (9th Cir. 1981)("It is clear that [an appellate fees] award is available in an FLSA case").

Therefore, in addition to those fees and costs, this Court should impose an additional penalty. Waterstone is a publicly traded company which has virtually unlimited resources. Here, Waterstone should be penalized in an additional amount sufficient to deter it, or any other large multi-state mortgage company associated with a publicly traded bank from engaging in this frivolous conduct in the future.

> "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(4). The poorer the lawyer, the lower the sanction can be and still deter repetition by the lawyer or anyone *749 similarly situated. *Cf. Leister v. Dovetail, Inc.,* 546 F.3d 875, 883–84 (7th Cir.2008); *Zazú Designs v. L'Oréal, S.A.,* 979 F.2d 499, 507–08 (7th Cir.1992). A district judge therefore should take the sanctioned party's resources into account when setting the amount of a Rule 11 sanction. See *Johnson v. A.W. Chesterton Co.,* 18 F.3d 1362, 1366 (7th Cir.1994).

*Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 748–49 (7th Cir. 2009).

**CONCLUSION**

Waterstone wrote the arbitration clause. Waterstone demanded arbitration. Waterstone's opposition to Plaintiffs' motion to confirm and its motion to vacate the arbitration awards in this case, as drafted by its attorneys, were frivolous. Waterstone should be sanctioned for interposing arguments utterly lacking in merit, which have the effect of delaying Plaintiffs' receipt of wages

and fees, and which are a transparent attempt to smear an arbitrator who ruled against it.

Dated: August 23, 2017                        Respectfully Submitted,

                                              */s/ Dan Getman*
                                              Dan Getman (Pro Hac Vice)
                                              Matt Dunn (Pro Hac Vice)
                                              Alex Dumas (on the brief)
                                              GETMAN, SWEENEY & DUNN, PLLC
                                              260 Fair St.
                                              Kingston, NY 12401
                                              dgetman@getmansweeney.com
                                              mdunn@getmansweeney.com
                                              adumas@getmansweeney.com