IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAMELA HERRINGTON, both
individually and on behalf of all
other similarly situated persons,

                                                         OPINION AND ORDER

              Plaintiff,

                                                           11-cv-779-bbc

    v.

WATERSTONE MORTGAGE CORPORATION,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is a motion for attorney fees and costs filed by plaintiff Pamela Herrington, both individually and on behalf of all other similarly situated persons. Plaintiffs have previously obtained a decision from this court confirming the arbitration award (with one modification relating to service fees), attorney fees and costs in the amount of $3,298,851 and an incentive fee of $20,000 for plaintiff Herrington. Dkt. #135. Plaintiffs are moving for entry of an enforceable judgment against defendant, as well as reimbursement of the fees and costs incurred for the work done by their counsel in this court, in the amount of $101,997.50 in additional fees and $870.62 in additional costs.

Defendant Waterstone Mortgage Corporation objects to four aspects of the award, contending that it should be reduced by the following amounts:

- $22,638.00 for time spent by plaintiff on an unsuccessful motion for sanctions;

1

- $4,689.00 for 12.9 hours related to work performed before July 5, 2017, when the arbitrator issued a decision and partial final award on attorney fees and costs;

- $3,287.50 for 13.4 hours spent on clerical tasks, such as updating the firm website, transferring documents from ECF and making related social media posts for promotional purposes;

- a reduction of 20% of the $71,383.00 plaintiffs seek for 168.8 hours spent on work performed after the arbitration, principally on two motions: one to confirm/vacate and one in opposition to defendant's motion to stay on the ground that the fees sought are excessive.

OPINION

A. Unsuccessful Motion for Sanctions

Fees and costs are routinely available to prevailing parties in Fair Labor Standards Act cases such as this one, Johnson v. GDF, Inc., 669 F.3d 927, 930 (7th Cir. 2012), but it does not follow that prevailing parties are entitled to reimbursement for all of the fees and costs they have incurred. As a general rule when determining attorney fee awards allowed by statute, courts eliminate hours spent on unsuccessful claims and reduce claims that seem excessive.

In this case, plaintiffs moved for sanctions on the ground that all of defendant's arguments against confirmation of the arbitrator's award were frivolous. Although I denied the motion for sanctions in a previous order, plaintiffs maintain now that they are entitled to reimbursement for the costs they incurred in bringing the motion, because it "was reasonable when made." Plts.'s Br., dkt. #156, at 3. They argue that such an award is in keeping with the arbitrator's practice during the arbitration proceeding to award costs to

2

plaintiffs for work necessitated by errors made by defendant and, in addition, that the general rule for attorney fee awards is not to reject a claim for fees or penalize counsel just because some claims are denied by the court, so long as the claims are related. Hensley v. Eckerhart, 461 U.S. 424, 436 and n.11 (1983).

As I noted in denying plaintiff's motion for sanctions, dkt. # 133, it was a close question whether the motion should be granted. Given the closeness of the question, I am not inclined to reduce plaintiffs' claim for attorney fees by the amount of $22,638.00 for time spent on the motion. It was not unreasonable for plaintiffs to bring it.

It is not necessary to consider the hourly rates to which plaintiffs' counsel is entitled. Those rates were confirmed by the arbitrator without objection by defendant.

### B. Work Performed before July 5, 2011

Defendant objects to compensating plaintiffs in the amount of $4,689.00 for 12.9 hours related to work that was performed before July 5, 2017, when the arbitrator issued a decision and partial final award on attorney fees and costs. Plaintiffs have agreed to waive any claim to this award, so it need not be considered further.

### C. Clerical Tasks

Defendant objects to reimbursing plaintiffs for "clerical work," but its objection is baseless. Clerical work is an inevitable cost of litigation and warrants reimbursement by the losing party, whether it is billed separately or folded into the lawyer's hourly rate. Missouri

3

v. Jenkins by Agyei, 491 U.S. 274, 286-88 (1989). In this case, the "clerical work" included a variety of tasks, including updating and maintaining communications among the plaintiff class. The arbitrator assessed costs for the clerical work performed in the arbitration proceedings, so it cannot be a surprise that plaintiffs are seeking reimbursement for similar costs at this stage of the case. Finally, defendant has not shown that any of the post-arbitration clerical work is not properly compensable at the rates claimed by plaintiffs, which are lower than the rates claimed for work by their attorneys. Plaintiffs will be awarded $3,287.50 for 13.4 hours spent on clerical tasks.

## D. Excessive Hours

Defendant seeks a reduction of 20% of the $71,383.00 plaintiffs have billed for 168.8 hours spent on work performed after the arbitration, principally on briefing two motions: one to confirm/vacate and one in opposition to defendant's motion to stay on the ground that the fees sought are excessive. However, defendant has not shown why the time spent by plaintiffs was either excessive or unnecessary. As plaintiffs have noted, they had to petition for confirmation of the arbitration award, defend against defendant's motions to vacate the award and for a stay of the litigation, draft their motion for final judgment of the litigation and prepare their claim for attorney fees and costs. In short, defendant has not shown that plaintiffs spent excessive time litigating this case.

SUMMARY

After many years of arbitration, plaintiffs' counsel obtained excellent results for the class. They are entitled to fees in the amount of $97,308.50 to compensate them for their work. Hensley, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensable fee.")

ORDER

IT IS ORDERED that plaintiff Pamela Herrington, both individually and on behalf of all similarly situated persons, is AWARDED attorney fees in the amount of $97,308.50 and costs in the amount of $870.62.

Entered this 12th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge