IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAMELA HERRINGTON, individually
and on behalf of all other similarly situated persons,

                Plaintiffs,

     v.

WATERSTONE MORTGAGE CORPORATION,

                Defendant.

OPINION AND ORDER

11-cv-779-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Pamela Herrington, a former loan originator for defendant Waterstone

Mortgage Corporation, filed this class and collective action against defendant for wage and

hour violations and breach of contract. In an order entered in March 2012, I concluded that

plaintiff's claims had to be resolved through arbitration under an agreement between the

parties. Dkt. #57. However, I concluded that the class action waiver in the parties'

arbitration agreement was unenforceable under the National Labor Relations Act. The case

was closed administratively and the parties proceeded with a collective arbitration.

Ultimately, the arbitrator awarded more than $10 million in damages and fees to plaintiff

and 175 similarly situated employees. The arbitration award was confirmed in December

2017, dkt. #133, and appealed by defendant.

       While defendant's appeal was pending, the United States Supreme Court decided

<u>Epic Systems Corp. v. Lewis</u>, 138 S. Ct. 1612 (2018), in which it held that the inclusion of

a class action waiver in an arbitration agreement did not violate the National Labor

1

Relations Act.  Id. at 1624-29.  As applied to this case, the Supreme Court's decision in Lewis means that the waiver in plaintiff's arbitration agreement with defendant does not violate the NLRA.  However, plaintiff contends that Lewis did not resolve the question whether the parties' arbitration agreement authorized the collective arbitration despite the waiver.  In the court of appeals, plaintiff contended that when "read as a whole," her agreement with defendant affirmatively permits class or collective arbitration of her claims despite the presence of the waiver's contrary indication otherwise.  She also argued that because the arbitrator was acting within his authority to interpret the contract when he concluded that the agreement permitted class arbitration, the court could not reach a contrary conclusion.

The court of appeals concluded that because "the availability of class or collective arbitration is a threshold question of arbitrability," the question had to be resolved by the district court, not the arbitrator.  Herrington v. Waterstone Mortgage Corp., 907 F.3d 502, 504 (7th Cir. 2018).  The court then described plaintiff's interpretation of the agreement as permitting class or collective arbitration as "weak" and "implausible," but nonetheless remanded the case with the instruction to this court to "evaluate [plaintiff's] contract with defendant] to determine whether it permits class or collective arbitration."  Id. at 503, 506. The court of appeals stated:

> On remand, the district court should conduct the threshold inquiry regarding class or collective arbitrability to determine whether Herrington's agreement with Waterstone authorizes the kind of arbitration that took place. If the district court determines that the agreement allows such an arbitration, our decision leaves the district court free to confirm the award. If, however, the district court determines that Herrington's agreement with Waterstone

requires single-plaintiff arbitration, it should vacate the award and send the dispute to the arbitrator for a new proceeding.

Id. at 511. Plaintiff moved the court of appeals for rehearing, by asking it to clarify whether, on remand, the district court could also consider (1) whether the parties had delegated the class arbitrability question to the arbitrator; (2) whether defendant had waived its right to have the arbitrability question decided by the court; and (3) whether plaintiff's individual award should be affirmed. The court of appeals denied the petition for rehearing without opinion.

After the case was remanded, the parties were given the opportunity to brief the question whether their agreement authorizes class or collective arbitration despite the valid waiver indicating otherwise. Dkt. #159. Plaintiff then filed a brief in which it asked the court to resolve the following matters:

1. Whether the parties' arbitration agreement delegates questions of arbitrability to the arbitrator by incorporating the rules of the American Arbitration Association;

2. Whether defendant waived its right to have the district court decide the class arbitration question by asking the arbitrator to decide the question;

3. Whether the parties' arbitration agreement permits class arbitration despite the valid class waiver;

4. Whether the court should confirm plaintiff's individual arbitration award;

5. Whether the court should confirm the arbitration awards of 75 opt-ins whose arbitration agreements permitted joinder or collective proceedings and 37 opt-ins who never signed arbitration agreements at all;

6. Whether the court should permit 154 opt-ins whose agreements allow them to pursue their claims in court to intervene in this action and file an amended

complaint stating individual claims against defendant.

For its part, defendant contends that the court should answer only the specific question posed by the court of appeals' mandate: whether plaintiffs' agreement with defendant permits class or collective arbitration.

For the reasons explained below, I conclude that most of plaintiff's requests exceed the scope of the court of appeals' mandate or were implicitly addressed by the court of appeals in its recent opinion. Therefore, I will not address plaintiff's arguments regarding delegation and waiver and I decline to confirm any individual awards or grant requests to intervene. As to the specific question that was remanded by the court of appeals, I conclude that the parties' arbitration agreement does not permit class or collective arbitration. Accordingly, I will vacate the class arbitration award and send plaintiff's dispute to arbitration for a new proceeding on the question whether she is entitled to damages for wage and hour violations and breach of contract. As for the remaining opt-in plaintiffs, each of them must decide whether to file arbitration requests or file new lawsuits in court.

OPINION

A. Scope of Remand

The threshold question raised by plaintiff is what issues are open for this court's consideration on remand. "The scope of a remand is determined, of course, by the order of remand." United States v. Buckley, 251 F.3d 668, 669 (7th Cir. 2001). Under the "law of the case" doctrine, a district court cannot rule on any issue conclusively decided by the court

of appeals, <u>United States v. Husband</u>, 312 F.3d 247, 251 (7th Cir. 2002), and is generally restricted to considering the specific issues remanded. <u>United States v. Morris</u>, 259 F.3d 894, 898 (7th Cir. 2001). District courts are also barred from addressing "issues that could have been raised on appeal, but were not." <u>Husband</u>, 312 F.3d at 251 n. 4. <u>See also Morris</u>, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues."); <u>Barrow v. Falck</u>, 11 F.3d 729, 730 (7th Cir. 1993) ("An argument bypassed by the litigants, and therefore not presented in the court of appeals, may not be resurrected on remand and used as a reason to disregard the court of appeals' decision.").

But there are some exceptions to the "law of the case" doctrine. District courts may address "issues arising for the first time on remand" and "issues that were timely raised before the district and/or appellate courts but which remain undecided." <u>Morris</u>, 259 F.3d at 898. To determine whether the court of appeals decided a particular issue, the district court must review the appellate opinion "as a whole." <u>United States v. Parker</u>, 101 F.3d 527, 528 (7th Cir. 1996) ("[T]he scope of the remand is determined not by formula, but by inference from the opinion as a whole."). <u>See also Barrow v. Falck</u>, 11 F.3d 729, 731 (7th Cir. 1993) ("[T]he appellate decision severely limits the kinds of considerations open."). "The court's silence on [an] argument [that was raised] implies that it is not available for consideration on remand." <u>Husband</u>, 312 F.3d at 251.

In this instance, the court of appeals stated that the district court, not the arbitrator, must decide whether the parties' agreement allows for class or collective arbitration. The

court of appeals expressly directed this court, on remand, to "evaluate [plaintiff's] contract with [defendant] to determine whether it permits class or collective arbitration." Herrington, 907 F.3d at 504. See also id. (instructing district court to "conduct the threshold inquiry regarding class or collective arbitrability to determine whether [plaintiff's] agreement with [defendant] authorizes the kind of arbitration that took place"). Despite these specific instructions, plaintiff contends that the court of appeals' decision leaves open the questions (1) whether the parties' agreement delegated the question of arbitrability to the arbitrator by expressly incorporating the rules of the American Arbitration Association, and (2) whether defendant waived any objection to the arbitrator deciding questions of arbitrability by insisting during arbitration that the arbitrator decide such questions.

Plaintiff's contention is not persuasive. Plaintiff contends that the questions of delegation and defendant's waiver of the arbitrability issue "arose for the first time on remand" because they became relevant only after the court of appeals decided that the availability of class arbitration is a question of arbitrability to be decided by the court. But contrary to plaintiff's argument, the questions of delegation and waiver are not "new" questions that arose for the first time on remand. Instead, these questions are highly relevant to, and intertwined with, the specific question addressed by the court of appeals when it decided whether the arbitrator or district court should resolve questions of arbitrability.

Plaintiff cites no cases in which an appellate court held that a question of arbitrability should generally be resolved by the district court, but then remanded the case for the district court to consider delegation and waiver. Instead, plaintiff cites cases in which courts have

6

addressed delegation and waiver in the course of analyzing whether a particular question should be resolved by a court or arbitrator. See, e.g., Wells Fargo Advisors, LLC v. Sappington, 884 F.3d 392, 399 (2d Cir. 2018) (assuming, without deciding, that availability of class arbitration is question of arbitrability generally reserved to court, but then addressing whether parties had delegated question to arbitrator); Dish Network L.L.C. v. Ray, 900 F.3d 1240, 1245 (10th Cir. 2018) ("Because we conclude below that the parties showed clear and unmistakable evidence of their intention to delegate questions of arbitrability to the arbitrator, 'we assume without deciding that one of these gateway matters is whether an arbitration clause authorizes class arbitration'"); JPay, Inc. v. Kobel, 904 F.3d 923, 936 (11th Cir. 2018) ("Having concluded that the availability of class arbitration is a question of arbitrability, we presume that it is a question for courts to decide, and we turn to the language in the parties' agreement to determine whether anything in it clearly and unmistakably evinces a shared intent to overcome that presumption."); Guess?, Inc. v. Russell, No. 216CV00780CASASX, 2016 WL 1620119, at *4 (C.D. Cal. Apr. 18, 2016) (court's analysis "does not end" upon conclusion that availability of class arbitration is a gateway question of arbitrability, because court must decide whether question was delegated).

In other words, the questions of delegation and waiver are not new or discrete issues that arose in this case only after the court of appeals decided that the availability of class arbitration was a question of arbitrability for the district court to decide. Rather, delegation and waiver are highly relevant in determining which decision-maker should resolve a question of arbitrability in a particular case.

Plaintiff contends that even if delegation and waiver were relevant to the court of appeals' analysis, she did not have a fair opportunity to raise these issues. Plaintiff points out that during oral argument, the court of appeals raised the question sua sponte, whether the availability of class or collective arbitration should have been decided by the arbitrator or the district court. But plaintiff's description of events is not entirely accurate. After the court of appeals raised the issue during oral argument, both sides had the opportunity to file supplemental briefs in the court of appeals addressing the question whether "the court or the arbitrator [should] decide the question of whether an arbitration agreement allows for class or collective arbitration?" Dkt. #45-1 in case no. 17-3609.

In its supplemental brief, defendant argued that if there was ambiguity about whether class arbitration was allowed, the court must resolve it, not the arbitrator. Dkt. #47 in case no. 17-3609. Defendant also flagged the question of delegation, arguing that the parties' agreement did not delegate this role to the arbitrator by incorporating the rules of the American Arbitration Association. Id. at 8, n.2. In response, plaintiff argued that the arbitrator, not the district court, should determine whether an arbitration agreement permits consolidated or class arbitration. Dkt. #48 in case no. 17-3609. Plaintiff argued that whether to permit class arbitration was a "procedural" issue for the arbitrator, who had an "independent authority" to interpret the agreement and determine whether it permits class or collective arbitration. Id. at 3, 8. Plaintiff did not raise any argument regarding delegation or respond to defendant's mention of the American Arbitration Association rules, but she did flag the issue of waiver. Plaintiff contended that because defendant had

"successfully urged the arbitrator to construe the procedural aspects of the arbitration agreement (albeit with a result it did not like)," defendant "should not now be heard to argue that the district court, rather than the Arbitrator, should be the one to interpret whether the contract permitted class arbitration." Id. at 9 (citing Matter of Cassidy, 892 F.2d 637, 641-42 (7th Cir. 1990) (regarding judicial estoppel)).

It is clear that the court of appeals considered the parties' supplemental briefs in resolving the case. Herrington, 907 F.3d at 510 (addressing the "primary argument" plaintiff made in her supplemental brief). Thus, the court of appeals was aware that delegation and waiver could affect the outcome of the case. It noted specifically that "parties can agree to delegate to an arbitrator the question whether an agreement authorizes class or collective arbitration." Herrington, 907 F.3d at 507, n.3. Like the courts in Wells Fargo, 884 F.3d 392, or Dish Network, 900 F.3d 1240, cited above, the court of appeals could have resolved this case on the grounds that the parties had delegated questions of arbitrability to the arbitrator or had waived the right to challenge the arbitrator's decision on class arbitration. But the court of appeals implicitly rejected the argument that delegation or waiver applied, and instead remanded the case with the express instruction that this court decide whether the parties' agreement permits class or collective arbitration.

In sum, plaintiff is attempting to raise arguments on remand that were directly relevant to the question decided by the court of appeals and were flagged as potentially relevant issues to the court of appeals. But the court of appeals' decision does not suggest that either delegation or waiver should affect the analysis in this case. Instead, the court of

9

appeals' mandate is narrow and specific. It does not say that this court should determine whether the arbitrator properly decided the class arbitration question pursuant to delegation in the agreement or waiver of the parties, and it does not give the parties the option of sending the case back to the arbitrator to decide class arbitration. Therefore, I will address only the question posed by the mandate: whether the parties' agreement permits the collective arbitration that occurred.

## B. Availability of Class Arbitration under the Agreement

Early in this litigation, I concluded that the parties' agreement prohibited collective action. Herrington v. Waterstone Mortgage Corp., No. 11-CV-779-BBC, 2012 WL 1242318, at *1 (W.D. Wis. Mar. 16, 2012). The agreement plainly states: "Such arbitration may not be joined with or join or include any claims by any persons not party to this Agreement." Dkt. #14-1. In 2012, both plaintiff and defendant appeared to agree with this interpretation of their agreement. Plaintiff had insisted that the waiver of her right to proceed in a class or collective arbitration violated the Fair Labor Standards Act and the National Labor Relations Act, while defendant argued that the class waiver was valid.

Now plaintiff contends that the agreement should be interpreted as permitting class arbitration, for two reasons. First, she contends that because the agreement expressly incorporates the rules of the American Arbitration Association applicable to employment claims, the agreement also incorporates the association's Supplemental Rules for Class Arbitrations. Plaintiff argues that because the "class rules" are incorporated into the

agreement, class arbitration necessarily is permitted, but her argument is not persuasive.

Even if I agree that the agreement incorporates all of the American Arbitration Association

rules, including the Supplemental Rules for Class Arbitrations, I am not persuaded that

incorporation of these rules automatically means that plaintiff can proceed with a class or

with collective arbitration. Plaintiff points to nothing in the rules themselves stating that

incorporation of the rules amounts to automatic authorization of a class or collective

arbitration. Moreover, the reference to the rules in the agreement at issue is followed

immediately by the class waiver language. The agreement states as follows:

> In the event that the parties cannot resolve a dispute by the [alternative
> dispute resolution] provisions contained herein, any dispute between the
> parties concerning the wages, hours, working conditions, terms, rights,
> responsibilities or obligations between them or arising out of their
> employment relationship shall be resolved through binding arbitration in
> accordance with the rules of the American Arbitration Association applicable
> to employment claims. Such arbitration may not be joined with or join or
> include any claims by any persons not party to this Agreement.

Dkt. #14-1. Thus, even if an agreement's incorporation of the American Arbitration

Association rules could authorize class or collective arbitration in some circumstances, the

plain language of the agreement at issue here prohibits class arbitration. The agreement is

clear and unambiguous. Even if the agreement was ambiguous, the United States Supreme

Court held recently in <u>Lamps Plus, Inc. v. Varela</u>, No. 17-988, 2019 WL 1780275, at *8

(U.S. Apr. 24, 2019), that "[c]ourts may not infer from an ambiguous agreement that parties

have consented to arbitrate on a classwide basis."

Plaintiff's second argument is also unpersuasive. Plaintiff argues that the language

in the class waiver in the agreement prohibiting joinder of claims by any person "who is not

party to this Agreement" should be read as prohibiting joinder only of individuals who did not sign the same form agreement as plaintiff. In other words, if an employee signed the same form agreement that plaintiff signed, the employee is "party" to the "agreement" and thus, would not be barred from joining his or her claims with plaintiff. But as defendant points out, "Agreement" and "parties" are defined specifically in the agreement itself. Dkt. #14-1 at 1. These terms refer specifically to plaintiff and defendant and to the contract between them and cannot plausibly we interpreted as referring to other employees or agreements with other employees. As the court of appeals stated, plaintiff's arguments to the contrary are "weak" and "implausible." Herrington, 907 F.3d at 503, 506.

In summary, plaintiff has not shown that under the present law, the parties' arbitration agreement permitted the collective arbitration that occurred. Therefore, in accordance with the court of appeals' direction, I must vacate the arbitration award and send the dispute to arbitration for a new proceeding.


C. Plaintiff's Alternative Requests for Relief

Plaintiff has requested that if the court declines to affirm the arbitrator's class award in whole, the court (1) affirm plaintiff's individual award; (2) affirm the awards for 123 opt-in plaintiffs who did not sign agreements that contained class waivers; and (3) permit 154 opt-in plaintiffs who did not sign arbitration agreements to intervene and file an amended complaint in this case. Plaintiff contends that the validity of the collective arbitration should not affect the legitimacy and finality of plaintiff's award or the awards of those opt-ins who

were not subject to a class waiver. Additionally, she contends that if the 154 opt-ins are not permitted to intervene, their valid claims may be barred by the applicable statute of limitations.

I deny plaintiff's requests, because her proposed additional or alternative relief is not anticipated by the court of appeals' remand order. The court of appeals directed this court either to (1) confirm the class award or (2) vacate the class award and remand plaintiff's dispute to the arbitrator for a new proceeding. The court of appeals did not suggest piece-meal confirmation of awards for plaintiff or other opt-in claimants, but instead stated that plaintiff would have to pursue her individual claim in arbitration. The opt-in plaintiffs must now choose whether to pursue their claims in arbitration or to file new lawsuits in court, assuming that they could still assert timely claims.

Because it is clear that plaintiff's entire dispute must be resolved by arbitration, I will direct the clerk of court to close this case, subject to reopening for purposes of confirmation of or challenges to the arbitration decision.

ORDER

IT IS ORDERED that

1. Plaintiff Pamela Herrington's motion for entry of judgment in her favor and for leave to intervene, dkt. #160, is DENIED.

2. The July 5, 2017 arbitration award is VACATED. Plaintiff's claims must be resolved through single-plaintiff arbitration.

3.  The clerk of court is directed to close this case.

Entered this 25th day of April, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

14