IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAMELA HERRINGTON, individually
and on behalf of all other similarly situated persons,

        Plaintiffs,

v.

WATERSTONE MORTGAGE CORPORATION,

        Defendant.

OPINION AND ORDER

11-cv-779-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 22, 2018, the Court of Appeals for the Seventh Circuit remanded this case so that this court could determine whether plaintiff Pamela Herrington's employment agreement with defendant Waterstone Mortgage Corporation authorized collective arbitration. Herrington v. Waterstone Mortgage Corp., 907 F.3d 502, 504 (7th Cir. 2018). On remand, I concluded that the parties' agreement did not authorize collective arbitration. I entered an opinion and order vacating the damages and attorney fees that had been awarded to plaintiff and 175 similarly situated employees in collective arbitration with defendant. Dkt. #168. On April 29, 2019, I entered judgment, stating that plaintiff's individual claims must be resolved through single-plaintiff arbitration. Dkt. #169.

Now both sides have filed motions seeking to reopen this case. Defendant seeks an order clarifying that because the collective arbitration award was vacated, plaintiff's claims must proceed in a new arbitration proceeding in Wisconsin. Dkt. #175. Defendant also seeks an order enjoining arbitration proceedings scheduled for November 18, 2019 before

1

Arbitrator George Pratt, the former judge for the Court of Appeals for the Second Circuit who presided over the parties' previous collective arbitration. Dkt. #179. Plaintiff seeks an order enjoining defendant from pursuing an arbitration claim for attorney fees incurred litigating this case after it was remanded. Dkt. #170. Because I conclude that the parties' questions are not properly before this court, I will deny both motions, but I will grant defendant's motion to unseal its motion for a temporary restraining order. Dkt. #182.

OPINION

A  Defendant's Motions to Clarify Judgment
and Enjoin Arbitration before Arbitrator Pratt

After this court vacated the collective arbitration award in April 2019, plaintiff notified the American Arbitration Association of the vacated judgment. She also told the Association that her individual case remained pending before Arbitrator Pratt. Defendant objected to any further proceedings before Pratt, arguing that because the former collective case was over and judgment had been vacated, the parties had to start a new arbitration case to resolve plaintiff's individual claims. Defendant argued that the new arbitration case should be held in Wisconsin, which is the forum specified by the parties' arbitration agreement. (The parties had previously stipulated to conducting collective arbitration proceedings in New York.) The American Arbitration Association referred to Pratt the question whether he should retain jurisdiction over plaintiff's individual claims. Pratt concluded that he still had jurisdiction, and he issued orders setting out the parameters for resolving plaintiff's individual claims. He stated that defendant would not be bound by

2

previous stipulations or decisions made in the collective arbitration, but that the parties could use evidence from the prior proceedings. He also denied defendant's request to conduct additional discovery. (Plaintiff had been deposed in the collective arbitration.) He scheduled the arbitration for November 18, 2019 in New York.

Defendant contends that plaintiff and Arbitrator Pratt are disregarding this court's and the court of appeals' decisions vacating the collective action award. In particular, defendant contends that this court necessarily intended that plaintiff would pursue her individual claims in an entirely new arbitration case and not as a continuation of the now-vacated collective proceeding before Pratt. Defendant requests that this court issue an order clarifying the judgment and enjoining the arbitration proceeding scheduled for November 18.

Defendant has not shown that this court has jurisdiction to enjoin the arbitration proceeding. Federal courts generally have jurisdiction to determine threshold questions of arbitrability, such as whether the parties entered into an arbitration agreement, whether they agreed to class arbitration or whether their agreement covers a particular controversy. Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 68 (2010); Herrington, 907 F.3d at 503. See also Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co., 671 F.3d 635, 639 (7th Cir. 2011) ("The only question that a court should address before arbitration starts is whether the parties have agreed to arbitrate at all."). In this instance, there is no dispute that the parties entered into an arbitration agreement, that their agreement covers the plaintiff's claims and that plaintiff cannot proceed with class or collective arbitration.

3

Defendant's present objections concern the procedures that Arbitrator Pratt and the American Arbitration Association have decided to apply to the parties' arbitration. Defendant contends that (1) arbitration must proceed in Wisconsin; (2) a new arbitrator must be appointed; (3) the parties should not be permitted to use discovery from the collective proceeding; and (4) defendant should be permitted to conduct new discovery. These are procedural matters that are for the arbitrator to decide, not the court. Blue Cross Blue Shield, 671 F.3d at 638 ("[J]udges must not intervene in pending arbitration to direct arbitrators to resolve an issue one way rather than another. Review comes at the beginning or the end, but not in the middle."); Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.), 631 F.3d 869, 874 (7th Cir. 2011) ("Arbitrators are entitled to decide for themselves those procedural questions that arise on the way to a final disposition, including the preclusive effect (if any) of an earlier award.").

Defendant contends that this court has authority to clarify the judgment and decide these questions under Federal Rule of Civil Procedure 60(a) and the All Writs Act, 28 U.S.C. § 1651. However, defendant's arguments are not persuasive. Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In this instance, defendant is not seeking correction of a mistake, oversight or omission in the judgment. Instead, defendant is asking the court to resolve new questions about arbitration procedures that were not raised before, were not considered by this court or the court of appeals and were not part of the judgment. The parties did not raise any issues on appeal

regarding the procedures used by the American Arbitration Association for selecting arbitrators or whether the parties would be able to use the evidence adduced in the collective arbitration, and the court of appeals did not direct this court to consider such issues on remand. Therefore, it would be improper under Rule 60(a) to amend the judgment to include such issues.

The All Writs Act likewise does not give this court jurisdiction to resolve new questions about arbitration procedures. That Act gives courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651. It would be improper for this court to issue a writ or order directing the parties' arbitration to proceed in a particular forum, before a particular arbitrator or according to particular procedures, because those issues have never been before this court. For these reasons, defendant has failed to show that this court has jurisdiction to consider the questions it raises in its motions. Accordingly, both motions will be denied.

B. Plaintiff's Motion to Enjoin Defendant from Seeking Attorney Fees in Arbitration

Plaintiff has filed a motion seeking to enjoin an entirely different arbitration proceeding that defendant initiated to recover attorney fees from plaintiff that defendant incurred after this case was remanded from the Court of Appeals for the Seventh Circuit. Defendant contends that it is entitled to recover fees under the terms of the parties' employment agreement, while plaintiff contends that the court should enjoin the other

5

arbitration because it is barred by the doctrine of claim preclusion and fails for other reasons.

I must deny plaintiff's motion because plaintiff has not shown that this court has jurisdiction over the parties' dispute. Plaintiff asserts that this court has jurisdiction to decide the dispute because it concerns a threshold question of arbitrability, but her arguments are not persuasive. Plaintiff does not deny that the parties' employment agreement authorizes defendant to recover attorney fees and requires that all disputes be resolved through arbitration. Instead, plaintiff argues that defendant's claim for attorney fees should fail under the doctrine of claim preclusion, judicial estoppel, timeliness and contract interpretation. These arguments go to the merits of defendant's request for attorney fees, not to arbitrability of the fee dispute. Therefore, they are not properly before this court.

ORDER

IT IS ORDERED that

1. Plaintiff Pamela Herrington's motion to reopen this case and enjoin defendant Waterstone Mortgage Corporation from pursuing an arbitration claim for attorney fees, dkt. #170, is DENIED.

2. Defendant's motions for clarification of the judgment and to preliminarily enjoin the November 18, 2019 arbitration proceedings, dkt. #175 and dkt. #179, are DENIED.

3. Defendant's motion to unseal its motion for a temporary restraining order, dkt. #182, is GRANTED.

Entered this 12th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge