IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAMELA HERRINGTON, individually
and on behalf of all other similarly situated persons,

                                                  OPINION AND ORDER

                Plaintiffs,

                                          11-cv-779-bbc

       v.

WATERSTONE MORTGAGE CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Pamela Herrington, a former loan originator for defendant Waterstone Mortgage Corporation, has filed a motion under 9 U.S.C. §§ 1-13, requesting that the court confirm her arbitration award against defendant.  Dkt. #188.  The final arbitration order awards plaintiff $14,952 in damages and $1,100,000 in attorney fees and costs for defendant's violations of the minimum wage and overtime provisions of the Fair Labor Standards Act.  Defendant opposes the motion, contending that the arbitration was unfair and that the arbitrator exceeded his powers.  Because defendant's arguments are not persuasive, I will confirm the arbitration award.


BACKGROUND

Plaintiff filed this case originally as a class and collective action against defendant for wage and hour violations and breach of contract.  In an order entered in March 2012, I concluded that plaintiff's claims had to be resolved through arbitration under an agreement

1

between the parties.  Dkt. #57.  However, I concluded that the class action waiver in the parties' arbitration agreement was unenforceable under the National Labor Relations Act. The case was closed administratively and the parties proceeded with a collective arbitration. Ultimately, the arbitrator awarded more than $10 million in damages and fees to plaintiff and 175 similarly situated employees. The arbitration award was confirmed in December 2017, dkt. #133, and appealed by defendant.

The court of appeals remanded the case in light of the United States Supreme Court's decision in Epic Systems Corp. v. Lewis, 138 S. Ct. 1612 (2018), in which the Court held that the inclusion of  a class action waiver in an arbitration agreement did not violate the National Labor Relations Act.  Id. at 1624-29.  As applied to this case, the Supreme Court's decision in Lewis meant that the waiver in plaintiff's arbitration agreement with defendant did not violate the NLRA.  The case was remanded for a determination whether the parties' agreement authorized collective arbitration regardless of the NLRA.  After further briefing, I entered an opinion and order concluding that the agreement did not authorize collective arbitration, vacating the arbitration award and stating that plaintiff's individual claims must be resolved through single-plaintiff arbitration.  Dkt. ##168, 169.

Plaintiff notified the American Arbitration Association of the vacated judgment, and took the position that her individual case remained pending before Arbitrator George Pratt, the former judge for the Court of Appeals for the Second Circuit who had presided over the parties' previous collective arbitration.  Defendant objected to any further proceedings before Pratt, arguing that because the former collective case was over and the judgment had been

vacated, the parties had to start a new arbitration case to resolve plaintiff's individual claims. Defendant argued that the new arbitration case should be held in Wisconsin, which is the forum specified by the parties' arbitration agreement.  (The parties had previously stipulated to conducting collective arbitration proceedings in New York.)  The American Arbitration Association referred to Pratt the question whether he should retain jurisdiction over plaintiff's individual claims.  Specifically, the Association stated that:

> The parties' contentions have been reviewed and considered by senior members of the AAA's Labor and Employment Division.  Rule 6(a) of the AAA's Employment Arbitration Rules states: "The arbitrator shall have the power to rule on his or her own jurisdiction. . . ."  Accordingly, in the absence of clarification from the court or party agreement on how to proceed, the AAA will abide by a ruling by Judge Pratt regarding his authority to hear and determining the individual claims of Ms. Herrington.

Dkt. #190-10.

The parties submitted briefing and Arbitrator Pratt held a hearing regarding his authority to determine plaintiff's individual claims.  Plaintiff argued that the court's orders did not require the parties to start an entirely new arbitration proceeding and that, instead, the courts anticipated that the parties would continue the proceedings before Arbitrator Pratt to resolve plaintiff's claims.  Defendant argued that this court and the court of appeals had ordered that plaintiff's claims be determined in a "new proceeding," meaning that plaintiff had to file an individual arbitration demand, in Wisconsin, and that the parties would select a new an arbitrator using the process set forth by the rules of the American Arbitration Association.

On June 12, 2019, Arbitrator Pratt concluded that he retained authority to hear and

determine plaintiff's individual claim for unpaid wages, overtime compensation and expenses. Dkt. #188-3. He concluded that the court's remand orders contemplated a continuation of the existing arbitration. He also noted that plaintiff's original arbitration demand from 2012 was made "individually and on behalf of a class." Id. at 8. Pratt then issued orders setting out the parameters for resolving plaintiff's individual claims. Pratt stated that defendant would not be bound by previous stipulations or decisions made in the collective arbitration, but that the parties could use evidence from the prior proceedings. Dkt. #188-4. He also permitted the parties to present new evidence and witnesses, but denied defendant's request to conduct additional pre-hearing discovery or depositions. (Plaintiff had been deposed in the collective arbitration.) Id. at 6. He scheduled the arbitration for November 18 to 22, 2019 in New York.

The parties then filed motions in this court to reopen the case, with defendant seeking an order enjoining the scheduled arbitration and requiring the parties to commence a new arbitration in Wisconsin with a new arbitrator, and plaintiff seeking an order prohibiting defendant from pursuing attorney fees. I denied both motions on the ground that the questions were not properly before this court and should be resolved in arbitration. Dkt. #187.

The parties then proceeded to arbitrate before Arbitrator Pratt. A arbitration hearing was held from November 18 to November 21, 2019. The parties submitted post-hearing briefing in January and February 2020. On February 20, 2020, Arbitrator Pratt issued a 29-page Partial Award on Liability, finding defendant liable under the FLSA for unpaid

minimum wages and overtime and attorney fees and costs, and dismissing plaintiff's claims under Arizona and contract law.  Dkt. #188-5.  He then issued separate decisions on damages, dkt. #188-6, and attorney fees and costs, dkt. #188-7, and incorporated all of his findings into a final award of $14,952 in damages and $1,100,000 in attorney fees and costs, dkt. #188-9.  Plaintiff then filed a motion in this court seeking affirmation of the arbitration award.

OPINION

A.  Standard of Review

Under the Federal Arbitration Act, courts may only "overturn the arbitrator's award on very narrow grounds."  Flexible Manufacturing Systems Pty. Ltd. v. Super Products Corp., 86 F.3d 96, 99 (7th Cir. 1996).  See also Health Services Management Corp. v. Hughes, 975 F.2d 1253, 1258 (7th Cir. 1992) ("[T]he court's function in confirming or vacating an arbitration award is severely limited.").  Parties are not entitled to reargue their original claims in a proceeding to vacate an arbitral award, Widell v. Wolf, 43 F.3d 1150, 1151 (7th Cir. 1994), and "[f]actual or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards."  Flexible, 86 F.3d at 100 (citation and quotations omitted).  See also Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704, 706 (7th Cir. 1994) ("By including an arbitration clause in their contract the parties agree to submit disputes arising out of the contract to a nonjudicial forum, and we do not allow the disappointed party to bring his dispute into court by the back door, arguing that he is

entitled to appellate review of the arbitrators' decision." (citations omitted)).  The Federal

Arbitration Act identifies four limited circumstances in which an arbitral award may be set

aside:

> (1) where the award was produced by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators . . . ;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).  To warrant vacatur under § 10(a), the party challenging the

arbitration award has a heavy burden.  Oxford Health Plans v. Sutter, 569 U.S. 564, 572

(2013).  The challenging party must "overcome, with clear and convincing evidence, the

presumption of validity that an arbitral award enjoys."  Flexible, 86 F.3d at 100.  If the

award is not vacated under § 10(a), then it is confirmed.  9 U.S.C. § 9 ("[A]ny party to the

arbitration may apply to the court . . . for an order confirming the award, and thereupon the

court must grant such an order unless the award is vacated, modified, or corrected. . . .").


B.  Analysis

Plaintiff contends that the final award of $14,952 in damages and $1,100,000 in

attorney fees and costs should be confirmed, as there is no valid reason to vacate the award

under 9 U.S.C. § 10(a)(1)-(4).  For its part, defendant argues that the award should be

vacated for three reasons: (1) Arbitrator Pratt ignored the arbitrator and forum selection

clauses in the arbitration agreement; (2) Arbitrator Pratt considered evidence from the first arbitration hearing and prohibited additional discovery; and (3) Arbitrator Pratt deprived defendant of a "fundamentally fair hearing." For the reasons below, I do not find any of defendant's arguments persuasive.

### 1. Arbitrator Pratt's retention of case

Defendant argues that the arbitration award should be vacated under § 10(a)(4) because Arbitrator Pratt ignored the forum selection clause and rules regarding choice of arbitrator in the parties' arbitration agreement. To succeed on this claim, defendant must show that the arbitrator acted "outside the scope of his contractually delegated authority," and issued an award that "simply reflects his own notions of economic justice rather than drawing its essence from the contract." Oxford Health Plans, 569 U.S. at 569 (citations omitted). An arbitral decision "even arguably construing or applying the contract must stand." Id.

In this instance, there is no question that Arbitrator Pratt's decision to resolve plaintiff's individual claims was based on the American Arbitration Association's and Pratt's interpretation of the parties' arbitration agreement. The arbitration agreement states that plaintiff's claims must be resolved in arbitration "in accordance with the rules of the American Arbitration Association applicable to employment claims" Dkt. #190-1, ¶ 13. However, the arbitration agreement does not say how a remand from a vacated collective arbitration award should be handled. This court's judgment stated specifically that it was "remanding this dispute for single-plaintiff arbitration." Dkt. #169. Thus, in accordance

with the parties' arbitration agreement, the parties submitted their dispute to the American Arbitration Association to determine whether the remand for a single-plaintiff arbitration should be heard by Arbitrator Pratt, or whether plaintiff had to submit a new arbitration demand and request a new arbitrator.  The Association responded that, because neither the agreement nor the courts' decisions stated specifically what procedures should be followed under the circumstances, the Association's rule applied that gives authority to the arbitrator to rule on jurisdiction.  This decision was based on the Association's interpretation of the rules which the parties' agreement deemed to be controlling.  Arbitrator Pratt considered the parties' arguments and issued a well-reasoned opinion concluding that he could retain jurisdiction over plaintiff's arbitration demand and proceed with a new hearing in New York. His decision was grounded on the Association's conclusion that its rules gave the arbitrator authority to determine whether to retain jurisdiction over plaintiff's claims.  Because the parties' agreement made the Association's rules controlling, this court has no authority to disagree with the Association's interpretation of its rules or the parties' agreement. Prostyakov v. Masco Corp., 513 F.3d 716, 724 (7th Cir. 2008) ("[W]hen parties agree to arbitrate under these rules . . . they thereby authorize the AAA to administer the arbitration. Nothing more needs to be said.") (citation omitted).

Defendant's arguments to the contrary are not persuasive.  Defendant argues that language in this court's and the court of appeals' opinions required the parties to start a new arbitration with a new arbitrator.  In particular, defendant points to the court of appeals' statement that, if the award was vacated, the dispute should be sent "to the arbitrator for a

new proceeding." Herrington v. Waterstone Mortgage Corp., 907 F.3d 502, 511 (7th Cir. 2018). Defendant also points to this court's statement that there must be a "new proceeding on the question whether [plaintiff] is entitled to damages." Dkt. #168 at 4. Defendant is reading too much into these statements. The question before the court of appeals was whether the class action waiver in the parties' arbitration agreement was valid in light of the National Labor Relations Act and the Supreme Court's decision in Epic Systems. Herrington, 907 F.3d at 506. The question before this court after remand was whether the parties' arbitration agreement authorized the collective arbitration that had taken place, despite the class action waiver. Dkt. #168 at 4. Neither the court of appeals nor this court issued orders directing the parties to arbitrate in a particular forum, choose a particular arbitrator or otherwise use specific procedures to arbitrate plaintiff's claims, as those questions were not before the courts and are a matter of contract between the parties. The parties' agreement states that the American Arbitration Association rules control arbitration, so the courts took no position on how to handle plaintiff's case on remand.

The cases cited by defendant in support of its argument are easily distinguishable. In PoolRe Ins. Corp. v. Organizational Strategies, Inc., 783 F.3d 256, 264 (5th Cir. 2015), the arbitrator was selected in a manner that directly contradicted the selection process expressly set forth in the arbitration agreement. The agreement in PoolRe stated that all disputes would be submitted to International Chamber of Commerce arbitration, and that the arbitrator would be selected by a specific person. Instead, the arbitrator was self-appointed and subjected the parties to arbitration under American Arbitration Association

rules.  Id. at 259, 263.  In the other case cited by defendant, Drake v. DePuy Orthopaedics, Inc., No. 1:13-DP-20140, 2019 WL 4750608, at *4 (N.D. Ohio Sept. 30, 2019), the arbitration award was vacated because the arbitration did not follow the process nor use the arbitrator specified in the arbitration agreement.  In this case, the arbitration agreement states only that the arbitration must follow the American Arbitration Association rules, and the Association and Arbitrator Pratt concluded that the rules permitted Pratt to retain jurisdiction and resolve plaintiff's individual claims.  Accordingly, Pratt's retention of arbitration case is not a basis for vacating the arbitration award.

## 2.  Evidence considered during arbitration

Next, defendant argues that the arbitration award should be vacated because Arbitrator Pratt permitted the parties to introduce evidence from the first proceeding and restricted the parties from conducting additional discovery.  Defendant says that the arbitrator's reliance on evidence from the collective arbitration essentially turned plaintiff's arbitration into a collective proceeding as well.  In addition, defendant says that the arbitrator's refusal to permit defendant to conduct additional discovery was unfair and resulted in the arbitrator's simply adopting the conclusions he had reached during the collective proceeding.

However, defendant's arguments are not supported by the record of what actually happened during arbitration of plaintiff's claims.  After remand, the arbitrator disallowed additional discovery, but stated expressly that an evidentiary hearing would be held at which

the parties could present any evidence they thought relevant to plaintiff's individual claims. Dkt. #188-5 at 6-7.  Although defendant was not permitted to depose plaintiff again, defendant was able to cross-examine plaintiff at the hearing.  Defendant was also permitted to call four new witnesses at the hearing.

As for the evidence from the previous hearing, the arbitrator repeatedly rejected plaintiff's attempts to rely on the "law of the case" doctrine as a basis for adopting conclusions from the previous arbitration.  Id. at 21.  The arbitrator stated that the findings and conclusions from the previous arbitrator were not binding, but that both sides could introduce evidence from the prior proceeding that was relevant to plaintiff's claim.  Id. at 7. Both plaintiff and defendant identified evidence from the prior proceeding for the arbitrator to consider.

The arbitrator issued a well-reasoned decision that explained the basis for his conclusions.  Contrary to defendant's arguments, the arbitrator did not simply adopt his conclusions from the collective proceeding and did not bind defendant to previous stipulations.  As discussed in his decision, the arbitrator reached his conclusions on the basis of evidence from the prior proceeding and the new evidence presented by the parties.

There was nothing unfair or improper about the arbitrator's rulings regarding discovery, evidence or the merits of the parties' claims and defenses.  Under the American Arbitration Association's rules, Arbitrator Pratt had the authority to determine the scope of discovery and to permit the parties to present any evidence that he deemed material and relevant to resolution of the dispute. See https://www.adr.org/sites/default/files/

EmploymentRules_Web_2.pdf.  Because the parties contracted to abide by the American Arbitration Association rules, this court cannot second-guess Arbitrator Pratt's interpretation and application of those rules.  <u>Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.),</u> 631 F.3d 869, 874 (7th Cir. 2011) ("Arbitrators are entitled to decide for themselves those procedural questions that arise on the way to a final disposition.").  Therefore, the arbitrator's decisions regarding discovery and presentation of evidence are not grounds to vacate the arbitration award.

3.  <u>Fundamental fairness</u>

Finally, defendant argues that the arbitrator deprived it of a "fundamentally fair hearing."  Many of defendants arguments about the fairness of the hearing are duplicative of the arguments already discussed above, including the arbitrator's decision to retain jurisdiction over the proceedings, his disallowance of additional discovery and his consideration of evidence presented in the prior collective proceeding.  As discussed above, none of these decisions by the arbitrator is sufficient reason to vacate the arbitration award.

Defendant also contends that it was deprived of fair notice of plaintiff's individual claims, because the arbitrator permitted plaintiff to present new claims under Arizona law the day before the arbitration hearing commenced.  Defendant argues that it did not know what claims plaintiff was pursuing and did not have enough time to prepare a defense.  In light of the fact that this case has been pending for nearly 10 years, I am not persuaded that defendant was surprised by plaintiff's claims.  Regardless, the arbitrator rejected plaintiff's

state law claims with little discussion.  Plaintiff's failed attempt at bringing state law claims is not a ground for vacating the arbitration award.

In sum, defendant has identified no basis for vacating the arbitration award. Accordingly, I will confirm the award.


ORDER

IT IS ORDERED that

1.  Plaintiff Pamela Herrington's motion to enforce judgment of the arbitration award, dkt. #188, is GRANTED.  Defendant must pay plaintiff $14,952 in damages and $1,100,000 in attorney fees and costs.

2.  Plaintiff is entitled to post-award interest at the rate set under 28 U.S.C. § 1961(a).

3.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 22d day of September, 2020.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge

13